UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY, <br><br> Plaintiffs, <br><br> -against- <br><br> THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW, JOHN DOES-Police Officers as yet unidentified, FEDERAL EXPRESS COPRORATION, FEDEX GROUND PACKAGE SYSTEM, INC. and JOHN DOE-Driver of Fedex Ground Package System, Inc. Truck as yet unidentified, <br><br> Defendants. | Civil Action No.: 1:21-cv-1529 <br><br> **NOTICE OF REMOVAL** |

**TO:** United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, New York 11201

Pursuant to 28 U.S.C §§ 1441 and 1446, Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby removes Index No. 518387/2020 (the "State Court Action") from the Supreme Court of New York, Kings County, to the United States District Court for the Eastern District of New York on the ground that jurisdiction exists under 28 U.S.C. § 1331.  In support of removal, FedEx Ground states as follows:

1. On March 2, 2021, Plaintiffs RDK NY INC. d/b/a Green Angel CBD ("RDK"), Oren Levy, and Ronen Levy (collectively, "Plaintiffs") filed their Amended Complaint in the State Court Action.

2. Defendant FedEx Ground was served with the Amended Complaint on March 16, 2021.

3.  Defendants Federal Express Corporation ("FedEx Express") and City of New York (the "City") were served previously with the original Complaint in the State Court Action.

4.  A true and correct "copy of all process, pleadings, and orders … in [the State Court Action]" are attached hereto as **Exhibit "A"**.

5.  This Court has original jurisdiction over this action under 28 U.S.C. 1331.

6.  In the First, Second, and Thirteenth Causes of Action in their lawsuit, Plaintiffs RDK and Oren Levy assert claims for "deprivation of personal property," "conversion, trespass, [and] tortious interference with personal property," and "negligence," respectively, against FedEx Ground because FedEx Ground allegedly turned over "nine (9) boxes" of "hemp products" to law enforcement, including the New York City Police Department, that were being shipped to Plaintiffs in the FedEx Ground network.  (Am. Compl. ¶¶ 39–40, 41–45, 48, 50–55, and 112–115.)

7.  Similarly, in the Third and Fourteenth Causes of Action in their lawsuit, all Plaintiffs and Plaintiff Ronen Levy, respectively, assert claims for "negligence" arising out of FedEx Ground "surrendering the packages of assumed of illegal products … to the defendants …."  (Id. ¶¶ 57–60, 117–19.)

8.  Federal question jurisdiction exists over the aforementioned claims under the Carmack Amendment to the Interstate Commerce Act, which completely preempts state law in regard to loss or damage to property transported by a federally registered motor carrier like FedEx Ground.  See 49 U.S.C. § 14706; see also Stein Jewelry Co. v. UPS, 228 F. Supp. 2d 304, 306–07 (S.D. N.Y. 2002) ("The Court finds that jurisdiction exists because *Stein Jewelry* (and also *Upchurch* and *Medlin*) fall within the ambit of the Carmack Amendment, 49 U.S.C. § 14706(c)(1)(A). And, under the doctrine of 'artful pleading,' it is not dispositive that plaintiffs have not specifically pled a Federal Carmack Amendment claim in their complaints where, as here, the gravamen of plaintiffs' claim(s) is lost or damaged goods.").

9. The $10,000 amount-in-controversy requirement for removal under the Carmack Amendment is satisfied. See 28 U.S.C. § 1337(a). Plaintiffs allege that the "nine (9) boxes" of "hemp products" "total[ ] the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000." . (Am. Compl. At ¶ 39.) Plaintiffs also allege to have sustained damages "in an amount exceeding the jurisdictional limits of all the lower Courts." This confirms that the amount in controversy exceeds $10,000.00. (*Id.* at ¶¶ 45, 55, 60, 64, 76, 86, 90, 94, 99, 110, 115 and 119.)

10. This Notice of Removal is timely filed because it is filed within thirty days of service of the Complaint.

11. Defendants FedEx Express and the City consent to removal of this action to this Court.

12. A copy of this Notice of Removal is being served upon Plaintiffs and filed concurrently with the Supreme Court of the State of New York, Kings County, as required by 28. U.S.C. § 1446(d).

**WHEREFORE**, for the reasons set forth above, FedEx Ground hereby gives notice that the State Court Action in the Supreme Court of New York, Kings County, is removed to the United States District Court for the Eastern District of New York and the action will proceed in federal court as properly removed thereto.

Dated: March 23, 2021  
New York, New York

CALLAHAN & FUSCO, LLC

_____  
Christopher G. Fusco, Esq.  
Email: cfusco@callahanfusco.com  
(877) 618-9770  
40 Exchange Place, 18th Floor  
New York, New York 10005  
(*Counsel for Defendant FedEx Ground Package System, Inc.*)

## **CERTIFICATION OF SERVICE**

I, Christopher Fusco, of full age, being duly sworn, according to law and upon my oath, depose and say:

1. I am an attorney with the law firm of Callahan & Fusco, LLC, and am assigned the handling of this action.

2. On March 23, 2021, I electronical filed a copy of the with DEFENDANTS NOTICE OF REMOVAL, which was served via EDNY ECF and regular mail on:

Sanford A. Rubenstein, Esq.
Rubenstein & Rynecki, Esqs.
16 Court Street Suite 1717
Brooklyn, New York 11241
Tel: (718) 522-1020
E-mail:
*Counsel for Plaintiffs*

Akosusa Goode
Senior Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
Tel: (212) 356-2388
E-mail: agoode@law.nyc.gov
*Counsel for Defendant City of New York*

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 23, 2021

By: _____
CHRISTOPHER G. FUSCO