# EXHIBIT "A"

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 2 of 87 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------X

RDK NY INC. d/b/a GREEN ANGEL CBD, OREN
LEVY and RONEN LEVY,

                    Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER JOSHUA
GANSHAW, JOHN DOES-Police Officers as yet
unidentified, FEDERAL EXPRESS CORPORATION
and JOHN DOE– Driver of Federal Express Corporation
Truck as yet unidentified,

                   Defendants.

--------------------------------------------------X

Index #

Date of filing:

Plaintiff designates Kings
County as the place of trial

Basis of the venue is the Locus
of Occurrence

**SUMMONS**

Plaintiff OREN LEVY, resides at
1180 Ocean Parkway
Brooklyn, New York 11230

County of Kings

### TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in the case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

POLICE OFFICER RODNEY GREENIDGE
c/o New York City Police Department- 75
Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

POLICE OFFICER JOSHUA GANSHAW
Tax ID # 966072
c/o New York City Police Department- 75
Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

Case 1:21-cv-01529-EK-RER  Document 1-1  Filed 03/23/21  Page 3 of 87 PageID #: 7

**Defendant's address:**
FEDERAL EXPRESS CORPORATION
c/o C T Corporation System
28 Liberty Street
New York, New York 10005


Dated: Brooklyn, New York
      September 29, 2020

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 4 of 87 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------X
RDK NY INC. d/b/a GREEN ANGEL CBD, OREN
LEVY and RONEN LEVY,

                 Plaintiffs,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER JOSHUA
GANSHAW, JOHN DOES-Police Officers as yet
unidentified, FEDERAL EXPRESS CORPORATION
and JOHN DOE– Driver of Federal Express Corporation
Truck as yet unidentified,

                 Defendants.
----------------------------------------------------X

Index No.:


COMPLAINT

Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the

defendants herein, upon information and belief, respectfully show to this Court, and allege as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF PERSONAL PROPERTY ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND  OREN LEVY

1.     That at all times hereinafter mentioned, plaintiff,  RDK NY INC. d/b/a GREEN

ANGEL CBD,  was in the business of the County of Kings, City and State of New York.

2.     That at all times hereinafter mentioned, plaintiff, OREN LEVY, was and still is

a resident of the County of Kings, City and State of New York.

3.     That at all times hereinafter mentioned, plaintiff,  RONEN LEVY,  was and still is

a resident of the County of Kings, City and State of New York.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 5 of 87 PageID #: 9

4.      That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD,  was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.      That on November 2, 2019, and at all times herein mentioned, plaintiff,  RDK NY INC. d/b/a GREEN ANGEL CBD,  was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.      That on November 2, 2019, and at all times herein mentioned, plaintiff,  RDK NY INC. d/b/a GREEN ANGEL CBD,  was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

7.      That on November 2, 2019, and at all times herein mentioned, plaintiff,   RDK NY INC. d/b/a GREEN ANGEL CBD, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

8.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD,  conducted business and maintained offices within the State of New York.

9.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD,  was and still is a domestic business corporation, duly authorized to do business in the State of New York.

10.     That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD,  maintained its principal place of business within the State of New York.

11.     That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff,

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 6 of 87 PageID #: 10

RDK NY INC. d/b/a GREEN ANGEL CBD, regularly does, or solicits, business in the State of New York.

12.     That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

16.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

17.     That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, conducted business and maintained offices within the State of New York.

18.     That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a domestic business corporation, duly authorized to do business in the State of New York.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 7 of 87 PageID #: 11

19.     That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, maintained its principal place of business within the State of New York.

20.     That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, regularly does, or solicits, business in the State of New York.

21.     That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION , received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

22.     That all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

23.     That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

24.     That prior hereto on January  6, 2020, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, was served and that thereafter, and within the time provided by law, this action was commenced.

25.     Pursuant to the General Municipal Law, the Statutory 50-H Hearings of the plaintiffs were held on February 13, 2020.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 8 of 87 PageID #: 12

26.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the defendant, THE CITY OF NEW YORK, employed POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, as police officers, agents, servants and/or employees.

27.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the defendant, FEDERAL EXPRESS CORPORATIO , employed  JOHN DOE–Driver of Federal Express Corporation Truck, as yet unidentified, an agent, servant and/or employee.

28.     The plaintiff, OREN LEVY, was the owner of the company known as RDK NY INC d/b/a GREEN ANGEL CBD, located at  1180 Ocean Avenue, in the County of Kings, City and State of New York.

29.     The plaintiff OREN LEVY, was in the business of buying and selling hemp plants and  products through his company, RDK NY INC d/b/a GREEN ANGEL CBD,  located at  1180 Ocean Avenue, in the County of Kings, City and State of New York.

30.     Prior to November 2, 2019, a call was made for the plaintiff, OREN LEVY, to Fox Holler Farms in Vermont, placing an order of 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000.

31.     The plaintiff, OREN LEVY, was supposed to receive the shipment through the defendant, FEDERAL EXPRESS CORPORATION, from Fox Holler Farm in Vermont, but was indisposed due to being hospitalized for two (2) days. Instead of having the shipment delivered at his place of business located at the address of 1180 Ocean Avenue, he decided to have the order

sent to his brother's address, the plaintiff, RONEN LEVY, at 2425 Kings Highway, in the County of Kings, City and State of New York.

32.     The plaintiff, OREN LEVY, received notification that his packages from Fox Holler Farm, in Vermont was seized by the Vermont Police Department, while tracking the same through a track number from FEDERAL EXPRESS CORPORATION. The plaintiff learned that defendants, FEDERAL EXPRESS CORPORATION and JOHN DOE –Driver Federal Express Corporation truck notified the Vermont Police Department of packages of illegal substance such as marijuana were being delivered at 2425 Kings Highway, in the County of Kings, City and State of New York. Said packages were sent to the Vermont Police Department.

33.     The plaintiff, OREN LEVY, contacted the Vermont Police Department, to inquire the status of his packages to be delivered at 2425 Kings Highway, in the County of Kings, City and State of New York. He was informed that the packages have been cleared, the paperwork was lawful and proper and the shipment was going to be delivered at the location requested and also apologized for the inconvenience.

34.     Thereafter, the plaintiff, OREN LEVY, was tracking down for his packages to be delivered after all was cleared by the Vermont Police Department, The plaintiff learned that defendants, FEDERAL EXPRESS CORPORATION and JOHN DOE-Driver of Federal Express Corporation truck notified the defendant, THE CITY OF NEW YORK, and the packages were confiscated once again, this time by defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendant, THE CITY OF NEW YORK, after the defendant, JOHN DOE-Driver of the Federal Express Corporation Truck, brought the packages of illegal products assumed to be marijuana to the Precinct.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 10 of 87 PageID #: 14

35.     The defendants, THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, had knowledge and learned that the packages were of hemp products and not marijuana as assumed, nevertheless they refused to release the same and as a result the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY, were caused to be deprived of their business and livelihood.

36.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION, TRESPASS, TORTIOUS INTERFERENCE WITH PERSONAL PROPERTY ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY**

37.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "36" inclusive with the same force and effect as if more fully set forth at length herein.

38.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, was an owner of a company known as RDK NY INC. d/b/a GREEN ANGEL CBD, which is based in Brooklyn, New York, doing business of buying and selling of hemp products.

39.     Prior to November 2, 2019 and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, placed an order to Fox Holler Farms, located in Vermont. The order consists of 106 lbs of hemp, which equals to nine (**9**) boxes in the amount of costs for $17,000.  From the order the plaintiff would make a profit in the amount between $60,000 to $100,000.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 11 of 87 PageID #: 15

40.     The plaintiff, OREN LEVY, was supposed to receive a shipment at this place of

business, but due to being indisposed due to being hospitalized for two (2) days, he decided to

have the products to be delivered at his brother's residence, the plaintiff, RONEN LEVY at 242

Kings Highway, in the County of New York, City and State of New York.

41.     As a result of the delivery by Fox Holler Farms, the products were confiscated by

the Vermont Police Department after being reported of illegal packages assumed to be marijuana

from an agent from the Federal Express. The plaintiff contacted the Vermont Police Department

where the order of the  products was cleared and documentation for the same were in good

standing and released to be delivered at the designated destination.

42.     The plaintiff tracked he delivery to only learned that defendants, FEDERAL

EXPRESS CORPORATION and JOHN DOE–Driver of Federal Express Corporation truck

reported illegal packages that consist of hemp products were once confiscated this time by the

defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA

GANSHAW and JOHN DOES-Police Officers as yet unidentified,  acting as agents, servants

and/or employees of the defendant, THE CITY OF NEW YORK, after it was reported once again

by an agent from Federal Express by bringing said products which was assumed to be marijuana

to the precinct. The defendants refused to release the packages to the plaintiffs.

43.     Stemming from the aforementioned, all of the defendants, POLICE OFFICER

RODNEY GREENIDGE,  POLICE OFFICER GANSHAW and JOHN DOES-Police Officers

as yet unidentified, trespassed, had actual knowledge with intent to withhold and/or deprive

plaintiffs' property when they refused to return the same after learning that  the packages were of

hemp products which was legal to sell  and not marijuana as assumed  originally by the defendant,

and JOHN DOE-Driver of Federal Express Corporation truck, who reported the package to be of

illegal products to the defendants.

    44.    As a result, the plaintiffs were deprived in retrieving their packages that consist

of hemp products which was ordered for the purpose of their business. Knowing that the products

was not marijuana as assumed, the defendants coerced plaintiffs and told that their paperwork was

sufficient in an attempt to arrest the plaintiff, OREN LEVY.

    45.    The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that

these individual defendants, including but not limited to POLICE OFFICER RODNEY

GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as

yet unidentified, that defendants, FEDERAL EXPRESS CORPORATION and JOHN DOE-Driver

of Federal Express Corporation truck,  who have committed the acts of trespass,

conversion and tortious interference with personal property alleged herein by refusing to release

the packages of  the products purchased by the plaintiffs for business purposes which was

assumed was an illegal substance such as marijuana, but was actually hemp products.

    46.    By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN

ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional

limits of all the lower Courts.

**AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE**
**ON BEHALF OF RDK NY INC.**
**d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY**

    47.    The plaintiffs repeat and reallege each and every allegation set forth above

numbered "1" through "46" inclusive with the same force and effect as if more fully set forth at

length herein.

48. The defendants were negligent, reckless and careless in making false claims and/or a statement and surrendering the packages assumed of illegal products, such as marijuana this time to the defendants; in confiscating the packages refusing to return to the plaintiffs, after learning that the packages contained of hemp products which the plaintiff was in the business of selling and buying the same; in depriving the plaintiffs of their livelihood; in withholding plaintiffs' goods; in creating a media spectacle of the confiscation of the plaintiffs' goods which defendants' knew or should have known were legal hemp products; in knowingly being aware that plaintiff's property was legal, but refused to return plaintiffs' property; in depriving plaintiffs' property; in carelessly published and publicized the incident on a variety of public platforms including but not limited to Facebook, Twitter and Instagram; and were otherwise negligenct

49. At all times herein mentioned POLICE OFFICER RODNEY, GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers yet unidentified were acting within their scope of employment for the City of New York, and the New York City Police Department and as such The City of New York is responsible for their conduct under respondeat superior.

50. As a result the plaintiffs were caused to be deprived of their business and livelihood, sustained serious injuries, the full extent of which are currently unknown, including, but not limited to, loss and conversion of property, specifically hemp, in the amount of $100,000; property damage, damage to reputation and credit, loss of earnings; damage to his businesses; attorney's fees for the baseless criminal proceedings; loss of earnings capacity and capability; mental anguish and other psychological injuries; required and requires medical treatment; fear, anxiety, shame, humiliation, indignity; property damage, damage to reputation and credit, loss of earnings; difficulty sleeping; and all damages sustained as a result of the defendants conduct.

FILED: KINGS COUNTY CLERK 09/29/2020 03:41 PM
NYSCEF DOC. NO. 1
Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 14 of 87 PageID #: 18

INDEX NO. 518387/2020
RECEIVED NYSCEF: 09/29/2020

51.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN

ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional

limits of all the lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

52.     The plaintiffs repeat and reallege each and every allegation set forth above

numbered "1" through "51" inclusive with the same force and effect as if more fully set forth at

length herein.

53.     That the defendant, THE CITY OF NEW YORK, did not exercise reasonable

care and diligence in the selection, engagement, employment and training of their police officers,

agents, servants, and employees and were negligent in the hiring, training and retention of the

defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA

GANSHAW and JOHN DOES-Police Officers as yet unidentified, who confiscated the packages

of hemp products which was ordered from Fox Holler Farms in Vermont, for business purposes

belonging to the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, and

refused to return the same which deprived the plaintiffs of their business and livelihood.

54.     That the defendant, THE CITY OF NEW YORK, had prior knowledge of the

inappropriate, unlawful, and improper conduct of the defendants POLICE OFFICER RODNEY

GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as

yet unidentified, and continued to employ them and allowed them to be in contact with the public

at large.

55.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN

ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional

limits of all the lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

56.     The plaintiffs repeat and reallege each and every allegation set forth above

numbered  "1" through "55" inclusive with the same force and effect as if more fully set forth at

length herein.

57.     The defendant, THE CITY OF NEW YORK, through policies, practices and

customs, directly caused the constitutional violation suffered by plaintiffs, RDK NY INC. d/b/a

GREEN ANGEL  CBD and OREN LEVY.

58.     The defendant, THE CITY OF NEW YORK, through its police department, has

had and still has hiring practices that it knows will lead to the hiring of the police officers,

including but not limited POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER

JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified,  lacking the

intellectual capacity and moral fortitude to discharge their duties in accordance with the

constitution and is indifferent to the consequences.

59.     The defendant, THE CITY OF NEW YORK, through its police department, has

*de facto quota* policy that encourages unlawful stops, unlawful searches, false arrests, the

fabrication of evidence and perjury.

60.     The defendant, THE CITY OF NEW YORK, at all relevant times, was, upon

information and belief, aware that these individual defendants, including but not limited to

POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and

JOHN DOES-Police Officers as yet unidentified,  routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

61.      The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to  POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified,  are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

62.      That as a result of the aforesaid false arrest and confinement, plaintiff, OREN LEVY, sustained serious permanent personal injuries along with humiliation, shame,  indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

63.      As a direct and proximate result of this unlawful conduct, the plaintiffs, RDK NY INC.  d/b/a GREEN ANGEL CBD and OREN LEVY, sustained the damages hereinbefore alleged.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR  PUNITIVE DAMAGES ON BEHALF OF RDK NY INC.  d/b/a GREEN ANGEL CBD AND OREN LEVY

64.      The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "63" inclusive with the same force and effect as if more fully set forth at length herein.

65.      The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

66.     That the defendant, THE CITY OF NEW YORK, authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW , JOHN DOES-Police Officers, FEDERAL EXPRESS CORPORATION and JOHN DOE–Driver of Federal Express Corporation truck as yet unidentified, herein-above alleged.

67.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR
### FALSE ARREST ON BEHALF OF RONEN LEVY

68.     The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "67" inclusive with the same force and effect as if more fully set forth at length herein.

69.     That prior hereto on December 11, 2019, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, was served and that thereafter, and within the time provided by law, this action was commenced.

70.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, RONEN LEVY, was lawfully present at or about the premises known as the 75th Precinct, located at 1000 Sutter Avenue, in the County of Kings, City and State of New York.

71.     While at the aforementioned location voluntarily and under pretenses, the plaintiff, RONEN LEVY, was approached and was falsely arrested by the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified. The plaintiff was handcuffed and taken under police custody where he was placed in a holding place at the 75th Precinct and was kept there until 2:30 am the following day, on November 3, 2019 at which time the plaintiff was transported to Kings County Central Booking where he was held for multiple hours  until he was released at approximately 8:00 pm, on November 3, 2019.

72.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff,  RONEN LEVY, was falsely arrested by defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK, at the aforesaid premises.

73.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the aforementioned false arrest was performed knowingly, intentionally and willfully.

74.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief the defendants,  POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who falsely arrested the plaintiff,  RONEN LEVY, were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK.

75.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 19 of 87 PageID #: 23

76.     That as a result of the aforesaid false arrest and confinement, plaintiff, RONEN

LEVY, sustained serious permanent personal injuries along with humiliation, shame,  indignity,

damage to reputation and credit and suffered emotional and physical distress and injuries.

77.     By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in

an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF  RONEN LEVY

78.     The plaintiffs repeat and reallege each and every allegation set forth above

numbered "1" through "77" inclusive with the same force and effect as if more fully set forth at

length herein.

79.      That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care

and diligence in the selection, engagement, employment and training of their agents, servants, and

employees and were negligent in the hiring, training and retention of the defendants, POLICE

OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN

DOES-Police Officers as yet unidentified, who assaulted, battered and violated the civil rights of

the plaintiff, RONEN LEVY.

80.     That the defendant, THE CITY OF NEW YORK, had prior knowledge of the

inappropriate, unlawful, and improper conduct of the defendants,  POLICE OFFICER RODNEY

GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as

yet unidentified,  and continued to employ them and allowed them to be in contact with the public

at large.

81.     By the reason of the foregoing, the plaintiff,  RONEN LEVY,  sustained damages

in an amount exceeding the jurisdictional limits of all the lower Courts.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 20 of 87 PageID #: 24

## AS AND FOR AN NINTH CAUSE OF ACTION FOR FALSE IMPRISONMENT ON BEHALF OF RONEN LEVY

82.     The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "81" inclusive with the same force and effect as if more fully set forth at length herein.

83.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, were acting within the scope of their employment when they, without justification and without probable cause, imprisoned the plaintiff.

84.     That the defendant, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, while acting within the scope of their employment, intentionally confined the plaintiff against his will and said confinement was not privileged

85.     By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A TENTH CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF RONEN LEVY

86.     The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "85" inclusive with the same force and effect as if more fully set forth at length herein.

87.     That the defendant, THE CITY OF NEW YORK, including but not limited to

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 21 of 87 PageID #: 25

POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW, JOHN DOES-Police Officers as yet unidentified, that defendants, FEDERAL EXPRESS CORPORATION FEDEX CORPORATION and JOHN DOE –Driver of Federal Express Corporation truck acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the plaintiff through their actions.

88.     Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the plaintiff, RONEN LEVY.

89.     That as a result of said intentional and negligent acts, the plaintiff, RONEN LEVY, become sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of his person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

90.     By reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A ELEVENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF RONEN LEVY

91.     The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "90" inclusive with the same force and effect as if more fully set forth at length herein.

92.     The defendant, THE CITY OF NEW YORK, through policies, practices and customs, directly caused the constitutional violation suffered by plaintiff, RONEN LEVY.

93.     The defendant, THE CITY OF NEW YORK, through its police department, has had and still has hiring practices that it knows will lead to the hiring of the police officers, including but not limited POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER

JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

94.     The defendant, THE CITY OF NEW YORK, through its police department, has *de facto quota* policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

95.     The defendant, THE CITY OF NEW YORK, at all relevant times, was, upon information and belief, aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

96.     The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to  POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified,  are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

97.     As a direct and proximate result of this unlawful conduct, the plaintiff, RONEN LEVY, sustained the damages hereinbefore alleged.

### AS AND FOR A TWELFTH CAUSE OF ACTION FOR
### PUNITIVE DAMAGES  ON BEHALF OF RONEN LEVY

98.     The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "97" inclusive with the same force and effect as if more fully set forth at length herein.

99.    The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

100.    That the defendant, THE CITY OF NEW YORK, authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers, that defendants, FEDERAL EXPRESS CORPORATION  and JOHN DOE –Driver of Federal Express Corporation truck as yet unidentified, herein-above alleged.

101.    By the reason of the foregoing, the plaintiff, RONEN LEVY,  sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR NEGLIGENCE
AGAINST DEFENDANTS, FEDERAL EXPRESS CORPORATION
AND JOHN DOE-DRIVER ON BEHALF OF  RDK NY INC. d/b/a
GREEN ANGEL CBD and OREN LEVY**

102.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "101" inclusive with the same force and effect as if more fully set forth at length herein.

103.    The defendant, FEDERAL EXPRESS, including but not limited to JOHN DOE, acting as an agent, servant and/or employee, were negligent, reckless and careless in making a false claim and/or a statement and surrendering the packages assumed of illegal products, such as marijuana, but were actually hemp products to the Vermont Police Department,  prior to being delivered at 2425 Kings Highway, in the County of Kings, City and State of New York.

104.    The defendant, FEDERAL EXPRESS, including but not limited to JOHN DOE, acting as an agent, servant and/or employee, were negligent, reckless and careless in making

another false claim and/or a statement and surrendering the packages assumed of illegal products,

such as marijuana this time to the defendants, THE CITY OF NEW YORK, POLICE OFFICER

RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police

Officers as yet unidentified, which said defendants confiscated the packages refusing to return to

the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, after learning that

the packages contained of hemp products which the plaintiff was in the business of selling and

buying the same.

105. As a result the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN

LEVY, were caused to be deprived of their business and livelihood.

106. By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN

ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional

limits of all the lower Courts.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE DEFENDANTS, FEDERAL EXPRESS CORPORATION AND JOHN DOE-DRIVER ON BEHALF OF RONEN LEVY

107. The plaintiff repeats and realleges each and every allegation set forth above

numbered "1" through "106" inclusive with the same force and effect as if more fully set forth at

length herein.

108. The defendant, FEDERAL EXPRESS, including but not limited to JOHN DOE,

acting as an agent, servant and/or employee, were negligent, reckless and careless in making a

false claim and/or a statement and surrendering the packages of assumed of illegal products, such

as marijuana to the defendants, THE CITY OF NEW YORK, POLICE OFFICER RODNEY

GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as

yet unidentified, prior to being delivered as scheduled at the plaintiff's residence, RONEN LEVY,

located at 2425 Kings Highway, in the County of Kings, City and State of New York, which

resulted said plaintiff to be falsely arrested by the defendants once arrived at the police station to collect the packages containing of hemp products.

109.    As the result of said negligence, the plaintiff, RONEN LEVY, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

110.    By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First** Cause of Action; plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second** Cause of Action; plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third** Cause of Action; plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth** Cause of Action; plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and  exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth** Cause of Action; plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Sixth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory, and exemplary in an amount exceeding the jurisdictional limits of all lower Courts  on the, **Seventh** Cause of Action; plaintiff,

RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Eighth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Ninth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Tenth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Eleventh** Cause of Action; plaintiffs, RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Twelfth** Cause of Action; plaintiffs' RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Thirteenth** Cause of Action; plaintiff, RONEN LEVY , demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourteenth** Cause of Action together with attorneys' fees, and the costs and disbursements of this action.

DATED: Brooklyn, New York
       September 29, 2020

                         Yours, etc.,

                         SANFORD A. RUBENSTEIN, ESQ.
                         RUBENSTEIN & RYNECKI, ESQS.
                         Attorneys for Plaintiffs
                         RDK NY INC. d/b/a GREEN ANGEL CBD
                          OREN LEVY
                         RONEN LEVY
                         16 Court Street Suite 1717
                         Brooklyn, New York 11241
                         (718) 522-1020
                         File No.: 19RL11-02

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )

                          ) SS:

COUNTY OF KINGS      )

       OREN LEVY,  being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                  _____

                                    OREN LEVY

Sworn to before me this 14th
of July, 2020

_____
NOTARY PUBLIC

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-20 23

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 28 of 87 PageID #: 32

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )

                                 ) SS:

COUNTY OF KINGS       )

        RONEN LEVY,  being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

RONEN LEVY

Sworn to before me this 21st
of July 2020

NOTARY PUBLIC

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-2023

**Affidavit of Service**

Supreme Court, KINGS COUNTY, New York
CASE NO.: **518387/2020**
Plaintiff / Petitioner: RDK NY Inc D/B/A Green Angel CBD, Oren Levy and Ronen Levy
Defendant / Respondent: The City of New York, Police Officer Rodney Greenidge, Police Officer Joshua Ganshaw, John Does Police Officers as yet unidentified, Federal Express Corporation and John Doe- Driver of Federal Express Corporation truck as yet unidentified

> **Network Provided**
> **Time - 12:35 PM**
> **Date - October 01, 2020**
> **GPS**
> **40.7195 -73.4432**

State of New York: County of Kings

I **Joseph Ieraci** being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in County of Kings in the state of New York.

That on **October 01, 2020** at **12:35 PM** at **100 Church Street , New York , NY 10007**, deponent served the within **Summons and Complaint** on **The City of New York** here in known as the Recipient.

Said service was effected in the following manner;

INDIVIDUAL

By delivering thereat a true copy of each to **The City of New York** personally; deponent knew said person so served to be the person described as said recipient therein.

Deponent describes the individual served to the best of the deponent's ability at the time and circumstances of service as follows: **Jerry Bradshaw. Black, Male, 6' 0", 160 - 170 lbs, Black hair, Dark eyes, 50 - 55 years**

Mailing
On October 2, 2020 service was completed by mailing a true copy of above document (s) to the above address in a First (1) Class postpaid properly addressed envelope Marked "Personal and Confidential" in a official depository under the exclusive care and custody of the United States Post Office in the State of New York

Military Service
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York and was informed that said person is not

Joseph Ieraci
License No. 2012136-DCA
**Notary Section**

Subscribed and affirmed, or sworn to before me this _____16th_____ day of ____October____ . 20 _20_

Notary Public:_____
Commission Expires:_____
Prepared by:
Phone: Fax:

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-20 23

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 30 of 87 PageID #: 34

INDEX NO. 518387/2020

| | |
|---|---|
| Attorney(s) | Rubenstein & Rynecki Esq |
| Index # | **518387/2020** |
| Purchased/Filed: | September 29, 2020 |
| State of New York | |
| Court: | Supreme |
| County: | Kings |

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Rdk NY Inc d/b/a Green Angel CBD et al

Plaintiff(s)

against

The City of New York et al

Defendant(s)

| | | | |
|---|---|---|---|
| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 55 Yrs. |
| COUNTY OF ALBANY   )SS | | | |
| CITY OF ALBANY        ) | Weight: 120 Lbs.  Height: | 5' 0"  Sex: Female  Color of skin: | White |

Hair color:  Blonde   Other: _____

_____ Robert Guyette _____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on _____ October 20, 2020 _____ , at   12:45 PM  , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:

**Summons & Complaint**

on _____

### Federal Express Corporation

,

the Defendant in this action, by delivering to and leaving with _____ Sue Zouky _____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies   thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of _____ $40 _____ dollars; That said service

was made pursuant to Section   BUSINESS CORPORATION LAW §306.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

20th   day of          October 2020

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

**Invoice·Work Order #** 2032077

Attorney File #   **2022998**

**Affidavit of Service**

Supreme Court, KINGS County, New York
CASE NO.: **518387/2020**
Plaintiff / Petitioner: RDK NY Inc D/B/A Green Angel CBD, Oren Levy and Ronen Levy
Defendant / Respondent: The City of New York, Police Officer Rodney Greenidge, Police Officer Joshua Ganshaw, John Does Police Officers as yet unidentified, Federal Express Corporation and John Doe- Driver of Federal Express Corporation truck as yet unidentified

> **Network Provided**
> **Time - 11:26 AM**
> **Date - October 12, 2020**
> **GPS**
> **40.6714 -73.8816**

State of New York: County of Kings

I **Joseph Ieraci** being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in County of Kings in the state of New York.

That on **October 12, 2020** at **11:26 AM** at **1000 Sutter Avenue , Brooklyn , NY 11208**, deponent served the within **Summons and Complaint, Subpoena** on **Police Officer Joshua Ganshaw** here in known as the Recipient.

Said service was effected in the following manner;

INDIVIDUAL

By delivering thereat a true copy of each to **Police Officer Joshua Ganshaw** personally; deponent knew said person so served to be the person described as said recipient therein.

Deponent describes the individual served to the best of the deponent's ability at the time and circumstances of service as follows:
**Officer Nankervis. Caucasian, Male, 5' 8", 150 - 160 lbs, Blonde hair, Dark eyes, 25 - 30 years**

Mailing
On October 13, 2020 service was completed by mailing a true copy of above document (s) to the above address in a First (1) Class postpaid properly addressed envelope Marked "Personal and Confidential" in a official depository under the exclusive care and custody of the United States Post Office in the State of New York

Military Service
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York and was informed that said person is not

Joseph Ieraci
License No. 2012136-DCA
**Notary Section**

Subscribed and affirmed, or sworn to before me this _____ 28th _____ day of _____ October _____, 20 20 .

Notary Public: _____
Commission Expires: _____
Prepared by:
Phone: Fax:

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-20 23

**Affidavit of Service**

Supreme Court, KINGS County, New York
CASE NO.: **518387/2020**
Plaintiff / Petitioner: RDK NY Inc D/B/A Green Angel CBD, Oren Levy and Ronen Levy
Defendant / Respondent: The City of New York, Police Officer Rodney Greenidge, Police Officer Joshua Ganshaw, John Does Police Officers as yet unidentified, Federal Express Corporation and John Doe- Driver of Federal Express Corporation truck as yet unidentified

> **Network Provided**
> **Time - 11:25 AM**
> **Date - October 12, 2020**
> **GPS**
> **40.6714 -73.8816**

State of New York: County of Kings

I **Joseph Ieraci** being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in County of Kings in the state of New York.

That on **October 12, 2020** at **11:25 AM** at **1000 Sutter Avenue , Brooklyn , NY 11208**, deponent served the within **Summons and Complaint** on **Police officer Rodney Greenidge C/O NYPD-75th Precinct** here in known as the Recipient.

Said service was effected in the following manner;

INDIVIDUAL

By delivering thereat a true copy of each to **Police officer Rodney Greenidge C/O NYPD-75th Precinct**
personally; deponent knew said person so served to be the person described as said recipient therein.

Deponent describes the individual served to the best of the deponent's ability at the time and circumstances of service as follows:
**Officer Nankervis. Caucasian, Male, 5' 8", 150 – 160 lbs, Blonde hair, Dark eyes, 25 - 30 years**

<u>Mailing</u>
On October 13, 2020 service was completed by mailing a true copy of above document (s) to the above address in a First (1) Class postpaid properly addressed envelope Marked "Personal and Confidential" in a official depository under the exclusive care and custody of the United States Post Office in the State of New York

<u>Military Service</u>
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York and was informed that said person is not

Joseph Ieraci
License No. 2012136-DCA
**Notary Section**

Subscribed and affirmed, or sworn to before me this _____28th_____ day of _____October_____, 20_20_.

Notary Public: _____
Commission Expires: _____
Prepared by:
Phone: Fax:

MAGDA MARIN-COLON
Notary Public. State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-2023

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 33 of 87 PageID #: 37



**The City of New York**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

Dear Counsel:

      If you would like to have this case considered for possible early settlement by the Early Intervention Unit of the Tort Division, the following items (as applicable) should be forwarded to the attention of Millicent Nicholas-Richards via email to <u>mnichola@law.nyc.gov</u>.

### IN ALL CASES COPIES OF THE FOLLOWING ITEMS MUST BE PROVIDED:

1. Notice of Claim and Filed Summons & Complaint.
2. Aided Card, if prepared.
3. UF18 - City Involved Accident Report, if prepared.
4. All medical and hospital records, including ambulance call report, first treatment, full emergency room record, operative and radiology reports, treating physician(s) reports, physical therapy records, etc.
5. Photographs (duplicates, color or laser copies preferred) of the location and of injuries, if scarring is claimed.
6. Proof of any special damages claimed.
7. Any other item(s) that you believe pertinent to an early resolution of your case.
8. Social Security number and any other Medicare information – see attached notice

### ALLEGED TRIP AND FALL ON A SIDEWALK OR ROADWAY

1. Most recently dated Big Apple map.
2. Any other documents that the plaintiff will rely upon to prove prior written notice.

### MOTOR VEHICLE ACCIDENT CASES

1. Police Accident Report.
2. Agency incident/accident report, if prepared.
3. Repair bills and/or estimates.
4. If the accident involves traffic light or stop sign, any documentation that the plaintiff will rely upon to prove notice.

### ALLEGED PREMISES LIABILITY

1. Copies of any documents that plaintiff will rely on to establish ownership of the premises.
2. Prior complaints.
3. Accident/incident reports.

### DEPARTMENT OF EDUCATION CASES

1. Accident and/or incident report and attachments, if any.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 34 of 87 PageID #: 38

2. Custodian reports.
3. Teacher(s) statements/reports.
4. Witness statements.

## ALLEGED POLICE MISCONDUCT

1. Any police reports in your possession.
2. Arrest Report, Complaint report, follow-up reports and photographs.
3. Certified copy of the disposition of any criminal proceedings.
4. If entitlement to reimbursement of legal fees is claimed, copies of any bills incurred.

## ALLEGED PROPERTY DAMAGE

1. Photographs (duplicates, color or laser copies preferred) depicting the items alleged to have been damaged, prior and subsequent to the damage.
2. Original purchase receipts, cancelled checks, and/or charge slips for the items alleged to have been damaged.
3. Appraisals, warranties, etc.
4. Copies of any insurance agreements pertaining to property damages and/or loss.

Please be advised that all of the above materials must be sent in order to have your case considered for possible early settlement - **incomplete cases cannot be considered.** Within 30 days after receipt of the above materials via email, you will be contacted to discuss the case further. ***Counsel appearing at the conference must have settlement authority and be prepared to establish liability and damages.***  If you have any questions, you may contact Nancy A. Goldbach directly by email to ngoldbac@law.nyc.gov.

Very truly yours,

Nancy A. Goldbach

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 35 of 87 PageID #: 39



The City of New York
LAW DEPARTMENT
Office of the Corporation Counsel
Tort Division
Medicare Compliance and Recovery Unit
100 Church Street, 4th Floor
New York, NY 10007-2668

(212) 356-3109 (fax)
medicare@law.nyc.gov

**JAMES E. JOHNSON**
*Corporation Counsel*

December 10, 2020

RUBENSTEIN & RYNECKI, ESQS.
16 COURT STREET, SUITE 1717
BROOKLYN, NY 1121

Re:     RDK NY INC. D/B/A GREEN ANGEL CDB,
OREN LEVY AND RONEN LEVY v. THE
CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER
JOSHUA GANSHAW, JOHN DOES-POLICE
OFFICERS AS YET UNIDENTIFIED,
FEDERAL EXPRESS CORPORATION AND
JOHN DOE-DRIVER OF FEDERAL EXPRESS
CORPORATION TRUCK AS YET
UNIDENTIFIED
Law Dept. File No:  2020-037156

Dear Counselor:

    We write to request that you provide us with certain personal identifying information
about each plaintiff you represent in this lawsuit in order for us to determine whether they are a
Medicare recipient(s).  Specifically, we need each plaintiff's date of birth, gender, and Social
Security number or Health Insurance Claim Number (HICN), also known as the Medicare
number.  This information will be used by the Law Department to obtain plaintiff's Medicare
status via a database established by the Centers for Medicare & Medicaid Services ("CMS") for
this purpose.1

---

1 CMS has developed a "query process" under which a responsible reporting entity (RRE) (such as the City in this
case) can determine a claimant's Medicare status electronically, as long as the RRE has access to the claimant's

Case 1:21-cv-01529-EK-RER    Document 1-1    Filed 03/23/21    Page 36 of 87 PageID #: 40

Information about a plaintiff's Medicare status is required by the City in order to comply with federal Medicare laws. Self-insured liability entities (such as the City of New York) are considered "primary plans" under the Medicare laws and are, therefore, required to report to CMS all monetary recoveries obtained by Medicare-eligible plaintiffs in personal injury lawsuits. See Medicare Secondary Payer Act (MSPA) 42 U.S.C. 1395y(b)(8)(A)(i); Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 (D. Neb. Apr. 22, 2010) ) ("the Extension Act adds new mandatory reporting obligations to the Medicare Secondary Payer Act ("MSPA") requiring . . . self-insurers to provide detailed information regarding all liability settlements or open claims with ongoing responsibility for medical treatment with Medicare beneficiaries to the Centers for Medicare and Medicaid Services ("CMS")"). Torres v Visto Realty Corp., 2015 N.Y. App. Div. LEXIS 3216, 1-2 (1st Dep't 2015) ("plaintiff did not satisfy his obligations under CPLR 5003-a, since he failed to provide defendant with the information relating to his Medicare status that defendant requires to comply with its reporting obligations under 42 USC § 1395y") (citations omitted); Bey v. City of New York, 2013 U.S. Dist. LEXIS 15597, at *5-6 (E.D.N.Y. Feb. 5, 2013) (same.). Thus, the City needs to ascertain plaintiff's Medicare status for the purposes of satisfying its reporting obligations.

Additionally, the City also requires the personal identifying information to resolve any outstanding Medicare claims before issuing payment on settlements.  See MSPA, 42 U.S.C. 1395y(b)(2)(B)(ii) ("a primary plan's responsibility for such payment may be demonstrated by a judgment [or settlement] . . . for items or services included in a claim against the primary plan . . . ."); see also Torres v. Hirsch Park, LLC, 91 AD.3d 942 (2nd Dep't 2012) ("the authorizations that the Supreme Court directed the plaintiff to provide are necessary for the defendant to comply with its statutory duty to report the identity of a claimant who is entitled to Medicare benefits (see 42 USC 1395y[b][8]) and to determine the existence of potential subrogation claims [under federal law]") (citations omitted); Liss v. Brigham Park Coop Apts., 264 A.D.2d 717 (2d Dep't 1999) (because the Federal government has a right of action directly against the defendant for recovery of its lien, it was "incumbent upon plaintiff to resolve the lien and give the defendant a release.")

Indeed, the responsibility of assuring reimbursement of Medicare claims extends to all entities involved in the underlying liability action, including the plaintiff's counsel. CFR § 411.24(g); United States v. Harris, 2009 U.S. Dist. LEXIS 23956 (N.D. W. Va. Mar. 26, 2009) (holding that plaintiff's attorney is liable to Medicare for unpaid liens because he disbursed settlement funds in a liability case to his client without first reimbursing Medicare for its claims). Thus, it is to all parties' benefit to ascertain a plaintiff's Medicare status as early as possible so as to resolve any existing Medicare claims and facilitate payment of settlements.

In view of the foregoing, we ask that you promptly submit to us the requested information. If you know for a fact that your client presently receives Medicare, you should immediately (1) notify Medicare of the pending lawsuit;[2] (2) provide the Law Department with

---

name, date of birth, gender and social security number. Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 at *13 (D. Neb. Apr. 22, 2010).

[2]  If you have never notified Medicare about this injury claim before, the first step is to report the injury to the Benefits Coordination & Recovery Contractor (BCRC) at P.O. Box 138897, Oklahoma City, OK 73113-8897, or by telephone at 1-855-798-2627. A case identifier will be established, and you will then receive a correspondence from the BCRC concerning any conditional payments made by Medicare on your client's behalf for the injuries underlying this case. BCRC is the agency that will issue final demand letters on amounts due Medicare. More

plaintiff's Medicare identification number and/or social security number; (3) obtain conditional and final payment information from Medicare and (4) provide copies of any correspondences to the City. If future medical care for plaintiff is anticipated, you may also need to consider a Medicare set-aside instrument for payment of future medical costs;[3]

If plaintiff was insured under a Medicare Advantage Plan ("MAP") under Part C of the Medicare Act at any time after the incident at issue here, plaintiff should notify the City about the MAP coverage, and also inform the MAP(s) of this lawsuit. Recent New York decisions have held that a MAP provider can pursue recovery of its reimbursement and/or subrogation claims in the same manner as traditional Medicare. See Potts v. Rawlings Co., LLC, 897 F. Supp. 2d 185 (S.D.N.Y. 2012); Trezza v Trezza, 104 A.D.3d 37, 48 (2d Dep't 2012) ("Based on the express preemption provision set forth in 42 USC § 1395w-26(b)(3), as well as the regulations set forth in 42 CFR 422.108(f), we hold that General Obligations Law § 5-335, insofar as applied to Medicare Advantage organizations under Part C, is preempted by federal law since it would impermissibly constrain contractual reimbursement rights authorized under the "Organization as secondary payer" provisions of the Medicare Act."). Moreover, several federal courts have ruled that a MAP provider can also bring a federal action to collect on its liens under 42 U.S.C. § 1395y(b)(3)(A) - and can seek double damages thereunder. See In re Avandia Mktg., 685 F.3d 353, 360 (3d Cir. Pa. 2012); Collins v. Wellcare Healthcare Plans, Inc., 2014 U.S. Dist. LEXIS 174420 (E.D. La. Dec. 16, 2014). The City, therefore, will require resolution of any Medicare-related claims as a condition to any settlement in this matter, regardless whether the claims are asserted by the government under a traditional Medicare plan or by a MAP under a Medicare Part C.

Thank you for your attention to the foregoing. Should you have any questions, feel free to contact the City's Medicare Compliance Unit at 212-356-2687.

**PLEASE BE ADVISED THAT WE CANNOT FINALIZE ANY SETTLEMENT WITH A CURRENT MEDICARE RECIPIENT WITHOUT FIRST RESOLVING MEDICARE'S CLAIM.**

Very truly yours,

Medicare Compliance Officer

Encl.

---

detailed information concerning the foregoing procedures can be found at   http://go.cms.gov/cobro  by clicking on the links to the left of the screen entitled 'Non-Group Health Plan Recovery' and 'Reimbursing Medicare'. There is also a portal on this website, the Medicare Secondary Payer Recovery Portal (MSPRP) that allows registered users to access and update certain case-specific information online, including an electronic conditional payment letter. Please visit the website for information as how to register for this service.

[3] You should be aware that if CMS determines that Medicare's future interests were not adequately protected, CMS may require that plaintiff expend up to the entire amount of the settlement on Medicare-covered expenses related to the injury claimed in this lawsuit before Medicare will provide coverage for the further treatment of such injury. See Cribb v. Sulzer Metco (US) Inc., 2012 U.S. Dist. LEXIS 134900 (E.D.N.C. Sept. 5, 2012); Sipler v. Trans Am Trucking, Inc., 881 F. Supp. 2d 635, 638 (D.N.J. 2012). Accordingly, we suggest that plaintiff evaluate her future medical needs with her physicians and consider creating a Medicare set-aside instrument at the appropriate time.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 38 of 87 PageID #: 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------- x

RDK NY INC. D/B/A GREEN ANGEL CDB, OREN
LEVY AND RONEN LEVY,

                              Plaintiff(s),

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER JOSHUA
GANSHAW, JOHN DOES-POLICE OFFICERS AS YET
UNIDENTIFIED, FEDERAL EXPRESS CORPORATION
AND JOHN DOE-DRIVER OF FEDERAL EXPRESS
CORPORATION TRUCK AS YET UNIDENTIFIED,

                             Defendant(s).

-------------------------------------------------------------- x

**ANSWER**

Index #: 518387/2020

Law Dept. #: 2020-037156

           Defendant THE CITY OF NEW YORK, by JAMES E. JOHNSON, Corporation Counsel, answering the complaint, allege upon information and belief:

           1.       Deny each allegation set forth in paragraph(s) 41, 44, 46, 53, 54, 57-63, 66, 67, 71-73, 75-77, 79-81, 83-85, 87-90, 92, 94-97, 105, 109, inclusive.

           2.       Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 1-12, 26, 28-36, 38-40, 43, 49, 70, 74, 93, inclusive.

           3.       Deny the allegations set forth in paragraph(s) 69, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

           4.       Deny each allegation set forth in paragraph(s) 24, 25, inclusive, except that with respect to those portions of the street(s), sidewalks and appurtenances referred to in the

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 39 of 87 PageID #: 43

complaint which were or may have been owned by the City of New York, defendant(s) had such duties as were imposed by law.

5.      Deny each allegation set forth in paragraph(s) 22, 23, inclusive, except that the City of New York is a municipal corporation which maintains a Police Department pursuant to law.

6.      Deny each allegation set forth in paragraph(s) 37, 47, 52, 56, 64, 68, 78, 82, 86, 91, 98, 102, 107, inclusive, except as otherwise pleaded herein.

7.      Deny each allegation set forth in paragraph(s) 13-21, 27, 42, 45, 48, 50, 51, 55, 65, 99-101, 103, 104, 106, 108, 110, inclusive, so far as the same may refer to the defendant(s) answering hereby.

## AFFIRMATIVE DEFENSE(S)

8.      Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

9.      At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged.  Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed.  Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety.  Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.  Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.  Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries.  In any action for injuries arising from the use of a

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 40 of 87 PageID #: 44

vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

10. Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

11. The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

12. If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the exercise of professional judgment or the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States. Individual defendant(s) represented by the Office of the Corporation Counsel (if any) did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are/is protected by qualified immunity.

**CROSS-CLAIMS**

13. Any damages sustained by the plaintiff(s) were caused in whole or in part by the acts or omissions of defendant(s) FEDERAL EXPRESS CORPORATION AND JOHN

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 41 of 87 PageID #: 45

DOE-DRIVER OF FEDERAL EXPRESS CORPORATION TRUCK AS YET UNIDENTIFIED, who are or may be liable to the defendant(s) answering hereby for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied.

**WHEREFORE**, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

JAMES E. JOHNSON
Corporation Counsel
100 Church Street
New York, New York 10007

\* Served while working remotely during the COVID-19 emergency.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 42 of 87 PageID #: 46

Index #: 518387/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

RDK NY INC. D/B/A GREEN ANGEL CDB, OREN LEVY AND RONEN
LEVY,

Plaintiff(s),

- against -

THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE,
POLICE OFFICER JOSHUA GANSHAW, JOHN DOES-POLICE OFFICERS
AS YET UNIDENTIFIED, FEDERAL EXPRESS CORPORATION AND
JOHN DOE-DRIVER OF FEDERAL EXPRESS CORPORATION TRUCK AS
YET UNIDENTIFIED,

Defendant(s).

## COMBINED DEMAND FOR
## BILL OF PARTICULARS & DISCOVERY

JAMES E. JOHNSON
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK, 100 Church Street
New York, New York 10007
Telephone Numbers:

Early Intervention Unit (settlements – all Boroughs)
(212) 356-1665
Pleadings Unit (212) 356-3235 (pleadings matters only)

All Other Matters (Inquire by county of venue)
Bronx Office: (718) 503-5030 (EBT's - 5045)
Brooklyn Office: (718) 724-5200 (EBT's-5226)
Manhattan Office: (212) 356-2725 (EBT's-2791)
Queens Office: (718) 558-2100 (EBT's - 2105)
Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2020-037156**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------- x

RDK NY INC. D/B/A GREEN ANGEL CDB, OREN LEVY
AND RONEN LEVY,

                              Plaintiff(s),

                     -against-

THE CITY OF NEW YORK, POLICE OFFICER RODNEY
GREENIDGE, POLICE OFFICER JOSHUA GANSHAW,
JOHN DOES-POLICE OFFICERS AS YET UNIDENTIFIED,
FEDERAL EXPRESS CORPORATION AND JOHN DOE-
DRIVER OF FEDERAL EXPRESS CORPORATION TRUCK
AS YET UNIDENTIFIED,

                             Defendant(s).

-------------------------------------------------------------------- x

**COMBINED DEMAND FOR
VERIFIED BILL OF
PARTICULARS & DISCOVERY**

## DEMAND FOR VERIFIED BILL OF PARTICULARS

    **PLEASE TAKE NOTICE** that pursuant to CPLR 3041, plaintiff(s) is required within 30 days following service of this demand to serve upon JAMES E. JOHNSON, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

1. The exact date and time of the act or occurrence.
2. The specific location of the act or occurrence with reference to addresses, landmarks, or other identifying points of reference, including the direction and distance therefrom. If the occurrence took place inside a premise, state specifically the location within the premise and also include the block and lot of the premises.
3. State the injuries claimed, if any.
4. State those injuries claimed to be permanent.
5. If applicable, set forth the length of time it is alleged the plaintiff(s) was confined to:
    (a) Hospital(s);
    (b) Bed;
    (c) House.
6. If applicable, set forth the amount claimed as special damages for:
    (a) Physician(s) services;
    (b) Nurses services;
    (c) Hospital expenses;
    (d) Drugs and medical supplies;
    (e) X-rays and diagnostic tests.
For each of the foregoing elements of damages please state the name and address(es) of the provider(s) and the dates of treatment. If any of the foregoing elements of damages have been repaid to the plaintiff(s) or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff(s).
7. If applicable, state the total amount of all other special damages not specified in items above; and please state the
    (a) name and address of each service provider;
    (b) each date of the service;
    (c) amount of the expense for each provider;

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 44 of 87 PageID #: 48

    (d)   amount of any expense paid by a third-party (including any payment made to reimburse plaintiff);

    (e)   name and address of the third-party paying any expense; and

    (f)   amount of any unreimbursed expense paid by plaintiff(s) personally to each provider.

8. State the occupation of plaintiff(s) at the time of the incident; and please state the:

    (a)   name and address of any employer for 5 years prior to alleged incident and up to the time of trial;

    (b)   length of time totally disabled from work;

    (c)   length of time partially disabled from work;

    (d)   amount claimed for lost earnings, if any;

        i.   if a loss of earnings claim is alleged, please state the yearly gross earnings for each year during 5 years prior to alleged incident and up to the time of trial; and

    (e)   number of days absent from work as a result of injuries sustained from the incident.

9. State the (a) name and address of any school attended by plaintiff(s) for 5 years prior to alleged incident and up to the time of trial; and (b) the number of days lost from school as a result of injuries sustained from incident.

10. State the home address of plaintiff(s) for a period of 5 years prior to the alleged incident to the present.

11. State any other name used by plaintiff(s) and the time period when the name was used.

12. State the date of birth and social security number of plaintiff(s) (disclosure of social security number is voluntary). If a social security number is disclosed, it will be used by defendant(s) to determine whether plaintiff(s) is (are) Medicaid recipient(s) for purposes of determining whether a Medicaid lien may attach to any judgment or settlement obtained against the defendant(s).

13. State whether plaintiff(s) is (are) Medicare recipient(s). If plaintiff is or was a Medicare recipient please provide their Medicare identification number and social security number (disclosure of social security number is voluntary). If a social security number is disclosed, it will be used by defendant(s) to verify that plaintiff(s) is (are) Medicare recipient(s) for purposes of defendant(s) meeting its (their) Medicare reporting obligations.

14. If plaintiff(s) has ever been convicted of a crime (including any guilty plea), please state (a) the NYSID number of plaintiff; (b) the dates of every conviction; (c) whether the conviction was state or federal; and (d) the county where each conviction occurred.

15. If the complaint alleges loss of services, set forth the pecuniary loss, if any, alleged in the complaint. Enumerate the damages for:

    (a)  Loss of services;

    (b)  Consortium;

    (c)  Other expenses.

16. State those injuries arising from the use or operation of a motor vehicle which are claimed to be serious, as defined in Insurance Law § 5102 (d), if any.

17. If property damage is claimed, please state (a) all property damaged; (b) the fair market value of each item at the time it was damaged; (c) the cost of repairing each item; (d) the cost of replacing each item; (e) the date each item was acquired; (f) the purchase cost of each item; (g) the amount(s) provided by a third-party to reimburse damage; (h) the name and address of any third-party which reimbursed damage; and (i) amount of any unreimbursed payment made by plaintiff(s) to replace or repair a damaged item.

18. State the manner in which it is claimed the accident occurred.

19. State separately the acts or omissions constituting the alleged negligence of each of the answering defendant(s), if any.

20. State separately the acts of each of the answering defendant(s) constituting the intentional wrongs claimed, if any.

21. State the names of the employee(s) or agents of the answering defendant(s) who are alleged to have committed the acts set forth in the items above.

22. Describe any alleged dangerous and defective condition and or the object or instrumentality complained of, as well as the nature of the condition alleged.

23. State whether any repairs were made prior to the happening of the alleged accident.

24. If it is alleged that repairs were made prior to the happening of the accident, state when, where, and by whom, the repairs were made.

25. State whether actual or constructive notice is claimed or whether it is alleged that defendant created the condition complained of.

26. If actual notice is claimed, then set forth the following:

(a) The names of the employees, agents and/or servants of the defendant(s) to whom it will be alleged said actual notice was given;

(b) By whom will it be claimed that said actual notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said actual notice was given.

27. If constructive notice is claimed, state the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.

28. If prior written notice is claimed, specify the nature of such notice.

29. If prior written notice is claimed, then set forth the following:

(a) The name(s) of the entity, agency, employees, agents and/or servants of the defendant(s) to whom it will be alleged said prior written notice was given;

(b) By whom will it be claimed that said prior written notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said notice was given.

30. In any action where plaintiff(s) claim the violation of any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes, ordinances, rules or regulations alleged to have been violated by the answering defendant(s).

31. If applicable, describe in what respects defendant(s) failed to provide plaintiff(s) with a safe place to work.

32. If applicable, state whether plaintiff(s) will allege that this defendant(s) was a party to a contract.  If yes;

(a) State the parties to the contract;

(b) State the contract number.

33. If applicable, set forth each and every item of construction, excavation or demolition work which the plaintiff(s) will allege was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate safety; setting forth the manner in which the construction, shoring, equipping, guarding, arranging, operating and/or conducting of the construction, excavating, or demolition work is alleged to have caused the plaintiff(s) alleged injury.

34. If applicable, state whether the plaintiff(s) will allege that this defendant(s) exercised control over the work being performed at the job site.  If yes, state the nature and extent of the control allegedly exercised and the exact manner in which said control was exercised.

35. If applicable, state those injuries claimed to be "grave", as defined in the Workers' Compensation Law § 11.

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges defamation, the following items are additionally demanded:**

36. Whether the alleged defamatory statement was communicated orally or in a writing.

37. With respect to each of the answering defendant(s), the particular words complained of and allegedly communicated.

38. The name(s) and address(es) of any person(s) it is alleged heard or received the defamatory statement(s).

39. If it is alleged that the defamatory statement(s) were communicated in a writing, set forth the date(s), nature, and content of the writing.

40. If it is alleged that any defamatory statement was published, set forth the date(s), nature and name of the media or publication and each republication of the alleged defamatory statement.

41. The circumstances, acts, and/or omissions which evince defendant(s) knowledge of the falsity, or reckless disregard of the truth, or malice, with respect to the statement(s) allegedly made.

### ALLEGED POLICE MISCONDUCT
**Where applicable, in addition to the foregoing, if plaintiff(s) alleges police misconduct, the following items are additionally demanded:**

42. State the criminal court file and docket number of the criminal proceeding.

43. State the (a) the specific charges; (b) the disposition of each charge; and (c) the date of said disposition.

44. State the date and time taken into custody.

45. State the date of arraignment.

46. State the date and time released from incarceration.

47. State the name, address, and phone number of attorney(s) who represented plaintiff(s) in the criminal proceedings.

48. State the amount claimed for legal fees, if any.

49. State the NYSID number of plaintiff(s).

50. For each criminal proceeding, including arraignment, please state the (a) the type of proceeding; (b) the date(s) of the proceeding; (c) the name of reporter who transcribed the proceeding; and (d) the name of Judge who presided over the proceeding.

### ALLEGED EXPOSURE TO LEAD-BASED PAINT
**Where applicable, in addition to the foregoing, if plaintiff(s) allege damages as a result of exposure to lead-based paint, the following items are additionally demanded:**

51. The day, month, and year of initial exposure;

52. The day, month and year when exposure terminated;

53. The address(es), including apartment numbers, of every premises where it is alleged that plaintiff(s) were exposed to lead-based paint;

54. The highest recorded blood lead level for plaintiff(s) and the date of the diagnosis;

55. The date of the initial diagnosis;

56. Whether it is claimed that plaintiff(s) sustained any cognitive injuries or learning disabilities as a result of any alleged exposure and if so, state the nature of the disability, when any such disability was diagnosed, the school and current grade level of plaintiff(s) and whether plaintiff(s) have been placed in any special classes.

### ALLEGED ACTION FOR WRONGFUL DEATH
**Where applicable, in addition to the foregoing, if plaintiff(s) allege wrongful death, the following items are additionally demanded:**

57. State the amount claimed as pecuniary loss, specifying the loss of parental guidance by each person dependant upon support of the decedent.

58. State the names, addresses, ages, and relationships to the decedent of all persons to whose support it is claimed the decedent contributed.

59. State the nature and purpose of the support contributed as to each person supported, including how and when support was given.

60. State the date, place and cause of death.

61. State the length of time the decedent remained conscious of the injuries sustained.

62. State the total amounts claimed as special damages for:
    (a) Funeral and burial expenses;
    (b) Administration expenses;
    (c) Any other damages claimed.

### ALLEGED NEGLIGENT EMERGENCY MEDICAL RESPONSE
**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent emergency medical response, the following items are additionally demanded:**

63. The exact dates and times of the claimed acts or occurrences.

64. .The specific locations of the claimed acts and/or occurrences with reference to addresses, landmarks, or other identifying points of reference. If the claimed acts and/or occurrences took

place inside a premise, state specifically the location within the premise and/or the department(s), as applicable, of said premises.

65. The specific time when the need for medical attention was first noticed by the plaintiff in distress, or by another person.

66. If a call for emergency assistance was made, indicate:

(a) the time at which the call was placed.

(b) the person who placed the call and, if other than the patient, his or her relationship to the patient.

(c) the description or report of injury or emergency given.

(d) if more than one call was made to 91 1.

(e) what the caller was told by the operator.

67. If more than one call was made to 9 I I, indicate:

(a) the total number of calls made to 911.

(b) the time of each respective subsequent call,

(c) the person or people who made each respective subsequent call (if different from the first call).

(d) if the description of the injury or emergency changed after the first call to 911, indicate what the change was, why the description changed, when the change in condition was first noticed prior to it being reported to 911, and when the change was reported to 911

(e) what the caller was told by the operator during each respective call.

68. Indicate if 911 had been contacted earlier in the day of the incident for the same or similar condition. If so, indicate the person or persons who made the call, and when they made it. Describe what the person or persons were told by the operator.

69. Indicate what time emergency personnel first arrived. Also indicate, if known, the respective names and ranks of emergency personnel who arrived on the scene. If known, indicate if the personnel were from the FDNY or the NYPD. If the personnel were not from either of those two agencies, identify, if known, the agency or hospital the personnel were from.

70. Indicate, if known, what time any additional and/or subsequent emergency personnel arrived after the initial emergency personnel. Indicate if such additional personnel were from the FDNY or the NYPD. If the additional personnel were not from those two agencies, identify the agency or agencies the personnel were from. Indicate the names and ranks of any additional emergency personnel who arrived. Describe any actions taken, and treatment provided by additional emergency personnel on-scene, or, if applicable, en route to a hospital.

71. State whether a claim is made that the answering defendant ignored or misdiagnosed complaints, signs, or symptoms of the patient plaintiff.

(a) If such a claim is made, state specifically by name or description all complaints, signs, and symptoms that the answering defendant(s) ignored or misdiagnosed.

(b) State what injury is claimed as the result of the answering defendant ignoring or misdiagnosing the complaints, signs, and symptoms.

(c) State specifically at what point during treatment the complaints, signs, and symptoms were ignored or misdiagnosed.

(d) State what the misdiagnosis of the complaints, signs, and symptoms was.

72. Describe the treatment, if any, provided by each of the arriving emergency personnel. Indicate, with specific time(s) and location(s):

(a) if the patient was intubated.

      (i)     If it is claimed that intubation was improper, describe how and why the intubation was improper, and the affect such alleged improper intubation had on the patient's condition, illness, or injury.

      (ii)    If it is claimed that the patient should have been, but was not intubated, describe the affect such alleged lack of intubation had on the patient's condition, illness, or injury.

      (iii)   If it is claimed that there was a delay in the patient being intubated, state the length of the delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(b)    if an intravenous line was started.

      (i)     If it is claimed that an intravenous line was improper, describe how and why the intravenous line was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

(c)    if a defibrillator was required or used.

      (i)     If it is claimed that a defibrillator was improperly used, describe how and why the use was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

      (ii)    If it is claimed that a defibrillator should have been, but was not used, explain the affect such alleged lack of use had on the patient's condition, illness, or injury.

      (iii)   If it is claimed that there was a delay in using a defibrillator, state the length of delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(d)    if oxygen was required or given.

      (i)     if it is claimed that oxygen should have been given and was not, explain why oxygenation was required, as well as the affect that the alleged lack of oxygenation had on the patient's condition, illness, or injury.

      (ii)    if it is claimed that oxygenation was improper, explain how it was improper, and the affect that such alleged improper oxygenation had on the patient's condition, illness, or injury.

      (iii)   if it is claimed that there was a delay in oxygenation of the patient, state the length of delay, and the affect such alleged delay had on the patient's condition, illness, or injury.

(e)    if any medication was improperly administered, contraindicated, administered in an improper dosage or improper manner.

      (i)     State the name and description of each drug or medication improperly administered. Describe the manner in which the drug or medication was

improperly administered. State the injury claimed as a result of the improperly administered drug or medication. State specifically at what point the drugs were administered improperly.

(ii)     State the name and description of each drug or medication administered in an improper dosage. Indicate what the improper dosage was. State the injury claimed as a result of the improper dosage. State specifically at what point during treatment the drugs were administered in an improper dosage.

(iii)     State the name and description of each drug or medication claimed to be contraindicated. State in what way it is claimed that each such drug or medication was contraindicated. State the injuries claimed as a result of the administering of the contraindicated drug or medication. State specifically at what point during treatment the contraindicated drug or medication was administered.

73.     Indicate if the plaintiff was transported to a hospital. Specify who transported the plaintiff to the hospital. Indicate if the plaintiff requested to be taken to a specific hospital. Identify the hospital to which the plaintiff was taken. Indicate what time the plaintiff was transported from the scene to the hospital and with whom if anyone she was accompanied by.

74.     If it is claimed that emergency personnel lacked equipment to adequately provide aid, describe the equipment alleged to have been missing, and why such equipment is believed to have been missing. Describe how the alleged lack of equipment affected the patient's condition, injury, or illness.

75.     State whether a claim is made as to defective equipment.

(a)     If such a claim is made, identify the equipment and state the nature of the defect.

(b)     If notice of such a defect is a prerequisite to liability, state whether actual or constructive notice is claimed.

(c)     If constructive notice is claimed, state how long the condition existed.

76.     State separately the acts or omissions constituting the alleged negligence and/or medical malpractice of each of the named defendants.

77.     State the manner in which it is claimed the alleged injury arose.

78.     State separately the acts of each of the named defendants constituting the intentional wrongs claimed, if any.

79.     State the names of the employee(s) or agents of the answering defendant who are alleged to have committed the acts set forth in the paragraphs above.

80.     If it is claimed that the answering defendant violated any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes ordinances, rules or regulations alleged to have been violated by the answering

FILED: KINGS COUNTY CLERK 12/10/2020 01:15 PM                    INDEX NO. 518387/2020

NYSCEF DOC. NO. 6    Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 50 of 87 PageID #: 54
                                                                RECEIVED NYSCEF: 12/10/2020

defendant, as well as any statute, ordinance, rule, order, requirement or regulation claimed to have been violated by each of the named defendants.

81.    State all injuries claimed as the result of the alleged negligence of the answering defendant herein, and state specifically which of the above injuries are claimed to be permanent in nature.

82.    For actions other than for wrongful death, state the length of time the plaintiff was confined to each of the following by virtue of the acts or omissions of the answering defendant(s) herein.

      (a)    Hospital, listing separately each period of hospitalization with the name and address of each hospital.

      (b)    Home.

      (c)    Bed.

83.    Set forth the amount claimed as special damages for:

    (a)  Physician(s) services;
    (b)  Nurses services;
    (c)  Hospital expenses;
    (d)  Drugs and medical supplies and/or equipment;
    (e)  X-rays and diagnostic tests;
    (f)  Rehabilitative and/or therapy services;
    (g)  Home health services;
    (h)  Any other expenses claimed.

84.    For each of the foregoing elements of damages please state the name and address(es) of the provider(s), pharmacies, the dates of treatment and/or dates of use and list of prescriptions/medications filled. If any of the foregoing elements of damages have been repaid to the plaintiff or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff.

85.    Set forth:
    (a)  Occupation of plaintiff at the time of the occurrence;
    (b)  Whether plaintiff was self-employed, and, if so, state the address of her place of employment and the nature of the business or occupation in which she was engaged immediately prior to the occurrence.

    (c)  Name and address of plaintiff's employer, if any;
    (d)  Average weekly, monthly and/or annual gross earnings;
    (e)  State separately, the length of time totally and/or partially disabled;
    (f)  Amount claimed for lost earnings, if any;
    (g)  Number of days lost from work;
    (h)  Number of days lost from school;
    (i)  Name and address of school attended by plaintiff at the time of the date of accident.

86.    Provide plaintiff's present residence address and plaintiff's residence address at time of the occurrence.

87.    List all other names used by plaintiff.

88.    List plaintiff's date of birth and social security number.


### DEMAND FOR DISCOVERY & INSPECTION

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand you are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information

requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

## GENERAL DEMANDS

1. If the City of New York is a named defendant, please identify the agency(s) involved.

2. For each person you believe may have been a witness to the incident which caused an injury, state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

3. For each person you believe may have been a witness to the condition which allegedly caused an injury, please state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

4. For each person you believe may be a witness to an injury alleged in this lawsuit, please state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

5. For each expert witness whom you expect to call at trial, please state the (a) name of the expert; (b) business address of the expert; (c) qualifications of the expert; (d) curriculum vitae of the expert; (e) subject matter in reasonable detail that the expert is expected to testify; (f) substance of the facts and opinions on which each expert is expected to testify; and (g) a summary of the grounds for each opinion.

6. If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable (within the meaning of § 15-108, General Obligations Law) for any of the injuries (or damages) alleged in the complaint, please set forth the name(s) and address(es) of the person(s), corporation(s), insurance company(s), or other entity(s) making such payment or promise and state the amount(s) which have been, or will be, with reasonable certainty received by plaintiff(s).

7. For each person you believe may have provided an oral or written statement about the incident, please state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

8. Furnish a copy of each document you believe may have been prepared by the answering defendant(s) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation, including any statement made by any person identified in response to Item 6 above, and any note, memorandum or recording of any oral statement.

9. Furnish the sum and substance of any unrecorded oral statement you believe may have been given by each defendant (or employee, or former employee, of a defendant) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation.

10. Provide a copy of any (a) any insurance claim arising out of the incident alleged in this lawsuit; (b) any workers' compensation claim arising out of the incident alleged in this lawsuit; (c) any pension claim arising out of the incident alleged in this lawsuit; (d) any no-fault claim arising out of the incident alleged in this lawsuit; and (e) any other claim seeking redress for the incident alleged in the lawsuit.

11. Furnish a copy of any Freedom of Information Law request made to the answering defendant(s) and any response thereto, which you intend to use for any purpose in this litigation.

12. Furnish copies of any subpoenas served on any party, or any other individual or entity concerning this litigation.

13. Provide a copy of any transcript of testimony involving the incident alleged in the lawsuit (including (but not limited to) any examinations under oath, transcript or materials related to a Department of Motor Vehicle hearing, departmental hearing, and criminal proceeding).

14. Provide a signed copy of any hearing held pursuant to General Municipal Law § 50-h.

15. Please furnish a copy of each accident report, if any, made by, or on behalf or your client(s) concerning the occurrence of the injuries (or damages) alleged in the complaint.

16. Furnish a copy of any written notice, Big Apple Corporation map or other document giving notice of an allegedly defective or dangerous condition at the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof.

17. Furnish a reasonably clear copy of each photograph and or each video depicting the place where the injuries (or damages) alleged in the complaint occurred.

18. If plaintiff intends on utilizing any physical evidence at trial, please (a) provide a photograph of the physical evidence; and (b) make the physical evidence available for inspection.

19. In any action for injuries, including death, allegedly sustained by a spouse, child or other family member of a plaintiff, please furnish a copy of each marriage, birth and death certificate, as applicable.

20. In any representative action, please furnish a copy of the court order appointing the representative.

21. With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return including any W-2 statements, together with attachments, filed by, or on behalf of, plaintiff(s) for the year in which the said injuries (or damages) occurred and for each of the two preceding years, and for all years in which continuing losses are claimed.

22. In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each state and each federal income tax return, including W-2 statements, filed by, or on behalf of the decedent for each of the two years before death.

23. Furnish a copy of each medical provider's report and medical bills, including pharmaceutical bills and bills for durable medical goods, with ICD-codes, referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **after** the occurrence of the injuries alleged in the complaint, or any treatment reasonably related thereto.

24. Furnish a copy of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **before** the occurrence of the injuries alleged in the complaint and reasonably related thereto.

25. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to (a) obtain each document referring to any treatment of plaintiff(s) (including psychological treatment) for any injury alleged in this lawsuit; and (b) speak with any medical provider which provided any treatment to plaintiff(s). This demand includes treatment which is reasonably related to any injury alleged in this lawsuit. Please utilize form located New York State Unified Court System webpage located at www.nycourts.gov.

26. In any action by or on behalf of a student, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the school, attendance and health records of the plaintiff(s) on file at the school(s) attended at the time of the occurrence and thereafter.

27. If plaintiff received workers' compensation benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the workers' compensation file; and (b) a copy of the worker's compensation file.

28. If plaintiff received no fault benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the no fault file; (b) a copy of the no fault file.

29. If plaintiff alleges economic loss, please provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records on file at the last employer.

30. State whether plaintiff is currently receiving, has applied for or is eligible for Social Security Disability payments. If plaintiff is currently receiving Social Security Disability payments, please identify when eligibility began and identify his/her SSDI number and the medical condition on which basis coverage was awarded. If plaintiff has received Social Security Disability payments at any point in the past, please identify the period or periods of time when plaintiff was eligible and identify his/her SSDI number and medical condition on which basis coverage was awarded.

31. If, in your response to the prior request, you indicated plaintiff has ever applied for or been eligible for Social Security Disability payments, please provide (a) copies of all social security disability records, including any determination and decision; and (b) a duly executed authorization (which

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 53 of 87 PageID #: 57

expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain Social Security disability records from the Social Security Administration.

  32. Identify all health care benefits, including but not limited to private health insurance carriers and public health care programs (e.g., Medicaid), plaintiff has received or which plaintiff will become eligible to receive as a result of injuries allegedly related to the subject accident/incident and provide copies of plaintiff's identification cards for all identified health care programs.

  33. State whether plaintiff is or has ever been a Medicare recipient and, if so, provide plaintiff's Medicare Health Insurance Claim Number ("HICN") and a copy of his/her HICN card.  If no card is available, please provide the date eligibility began.  If plaintiff has received Medicare coverage at some point in the past and no HICN card is available, please identify the period or periods of time when plaintiff was eligible.

  34. Furnish the name and address of the attorney(s) who have appeared in this action.

  35. Furnish the names of the parties, the court, and the index number of each other action, if any, commenced by or on behalf of plaintiff(s) concerning any of the injuries (or damages) alleged in the complaint.

## DEMANDS FOR COLLATERAL SOURCE INFORMATION

  36. Entities that have provided payments for medical treatment.  Identify by name, address and policy number, any source that has provided payments to plaintiff, or to plaintiff's spouse, domestic partner, or parent for medical, dental, rehabilitative, custodial or psychological treatment (including medication) received by plaintiff  as a result of this accident.  Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  37. Entities that have provided payments on account of disability.  Identify by name, address and policy number, any source that has provided payments to plaintiff, by reason of plaintiff's partial or total inability to work.  Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  38. Entities from which plaintiff is eligible to receive medical coverage.  Identify by name, address and policy number, any source from which plaintiff is eligible to receive medical coverage for the injuries received in this accident whether or not plaintiff has actually applied for such benefits.  Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  39. Entities from which plaintiff is eligible to receive disability benefits.  Identify any source by name, address and policy number, any source from which plaintiff would be eligible to receive payments in the event of plaintiff's partial or total inability to work, whether or not plaintiff has applied for or received such benefits. Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  40. Entities to which plaintiff has applied for medical benefits.  Identify any source by name, address and policy number, any source to which plaintiff, or plaintiff's spouse, domestic partner, or parent, has submitted claims or applied for benefits for medical, dental, rehabilitative, custodial or psychological treatment (including medication) received by plaintiff  as a result of this accident whether or not such benefits were received. Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  41. Entities to which an application for disability benefits has been made.  Identify any source by name, address and policy number, any entity to which an application has been made for payments by reason of partial or total inability to work, whether or not plaintiff has received such benefits.  Provide HIPAA-compliant authorizations and hard copies of any records in your possession for any source listed.

  42. Entities to which plaintiff has paid premiums to obtain medical or disability coverage. Identify any entity by name, address and policy number to which plaintiff, or plaintiff's spouse, domestic partner, or parent paid premiums to obtain medical or disability coverage for two years prior to the incident. Provide HIPAA-compliant authorizations and hard copies of any records in your possession for proof of such payment of premiums.

## ALLEGED POLICE MISCONDUCT
**Where applicable, in addition to the foregoing, if plaintiff(s) allege police misconduct, the following items are additionally demanded:**

  43. Provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records pertaining to all criminal proceedings

Case 1:21-cv-01529-EK-RER    Document 1-1    Filed 03/23/21    Page 54 of 87 PageID #: 58

related to the incident alleged in this lawsuit. Please provide a separate authorization for each entity which maintains these records (including (but not limited to) the Office of the District Attorney, the New York City Police Department, and criminal court).

44. Provide copies of records pertaining to all criminal proceedings related to the incident alleged in the lawsuit, including (but not limited to) transcripts, certificates of disposition, police records, criminal records, District Attorney records, and photographs, including copies of any photographs of the plaintiff(s) taken by the defendant(s) at the time of the arrest.

45. If entitlement to reimbursement for legal fees is claimed, please provide copies of any bills incurred.

46. Provide the name, address, and phone number of any attorney representing plaintiff(s) concerning the criminal charges related to the incident alleged in this lawsuit.

## ALLEGED PROPERTY DAMAGE

**Where applicable, in addition to the foregoing, if plaintiff(s) allege property damage, the following items are additionally demanded:**

47. For each item of property damaged:

(a) Photograph(s) and or videotapes depicting the items alleged to have been damaged, prior to damage;

(b) Photograph(s) and or videotapes depicting items alleged to have been damaged, subsequent to damage;

(c) Original purchase receipts, cancelled checks, and/or charge slips for items alleged to have been damaged;

(d) Appraisals, warranties, etc. pertaining to the items alleged to have been damaged.

48. True and accurate copies of any and all insurance agreements held by plaintiff on day of said incident and pertaining to property damage and/or loss.

49. True and accurate copies of any and all notices of loss or claims made on the above policies pertaining to the damage alleged in the complaint.

## ALLEGED NEGLIGENT SUPERVISION

**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent supervision, the following items are additionally demanded:**

50. For every individual who allegedly failed to provide adequate supervision, please state (a) the name of the individual; (b) the address and phone number of the individual; (c) the name of the entity who employs the individual; (d) the title of the individual; (e) the date that the individual failed to provide adequate supervision; and (f) the time that the individual failed to provide adequate supervision. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each individual. This demand includes all individuals, even if employed by any of the parties.

51. Identify the name or names of the person(s) it is alleged received inadequate supervision.

52. Provide the name(s) of any person(s) plaintiff will claim assaulted him/her with reference to the claim being asserted against the answering defendant(s).

53. If the person(s) identified in above have not yet appeared in this action, please provide copies of all documents, including but not limited to, affidavits of service and correspondence, which reflect any attempt to obtain jurisdiction over the individual(s).

54. Provide copies of any documents filed with or against any governmental agency(s) concerning the actions of any person(s) whom plaintiff(s) alleges caused the damages alleged in the complaint, including any criminal complaints filed and the disposition thereof.

55. For each individual you believe may have provided an oral or written statement concerning the supervision of any person involved in the incident, state (a) the name of any individual who provided a statement; and (b) the address and phone number of any individual who provided a statement. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have provided a statement. This demand includes all individuals, even if employed by any of the parties.

## ALLEGED PREMISES LIABILITY

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) failed to properly maintain a premises, the following items are additionally demanded:**

56. If it is alleged that the answering defendant owned the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) ownership of the premises.

57. If it is alleged that the answering defendant(s) leased the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) tenancy.

58. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

59. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## MOTOR VEHICLE ACCIDENTS

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:**

60. Provide a copy of the title for the vehicle being operated by plaintiff.

61. Provide a copy of plaintiff's drivers license.

62. Provide a copy of the registration for the vehicle in which plaintiff(s) was located when the incident occurred.

63. Provide a copy of any (a) repair record (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident; and (b) maintenance records (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident.

64. Provide a copy of any recall notice received regarding the vehicle in which plaintiff(s) was located when the incident occurred.

65. Provide photographs taken of the vehicle(s) involved in the accident taken:
    (a) Before the accident;
    (b) After the accident.

66. Provide any estimates to repair the vehicle involved in this accident.

67. Provide any records or receipts for towing of the vehicle involved in this accident.

68. Provide a copy of the MV-104 filed by, or on behalf of, the plaintiff as a result of this accident.

69. Provide a copy of any accident report provided to any insurance company regarding this accident.

70. Provide any notes or memorandum describing this accident.

71. Provide a copy of any transcript of any Department of Motor Vehicle hearing taken with respect to this accident.

72. Provide the date, location, name of defendant or respondent, and name of Judicial Hearing Officer who presided over, any Department of Motor Vehicle hearing taken with respect to this accident.

73. Provide a copy of any insurance policy (including any umbrella or excess policy) covering the vehicle in which plaintiff(s) was located at the time of the incident.

74. Provide a copy of the no-fault file pertaining to plaintiff(s).

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) defamed plaintiff(s), the following items are additionally demanded:**

75. Provide a copy of any writing, publication (including any re-publications), and broadcast containing the alleged defamatory statement(s).

76. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate the untruthfulness of the alleged defamatory statement(s).

77. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate defendant(s) malice or reckless disregard for the truth.

78. Provide the name of any individual who you believe has information concerning the untruthfulness of the alleged defamatory statement(s) or whether the statements were made with malice or reckless disregard for the truth, stating (a) the name of the individual(s); and (b) the address and phone number of the individuals. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person. This demand includes all individuals, even if employed by any of the parties.

79. Provide copies of any documents, bills, invoices or writings which plaintiff(s) intend to use to prove any alleged special damages.

## ALLEGED LEAD-BASED PAINT

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges injuries as a result of exposure to lead-based paint, the following items are additionally demanded:**

80. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Office of the Corporation Counsel to obtain birth and prenatal records of plaintiff(s); the authorization must include the name and address of the hospital or facility where plaintiff(s) was born and the date of birth of plaintiff(s).

81. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Office of the Corporation Counsel to obtain the records of any medical provider who provided prenatal care; the authorization must include the name and addresses of each medical provider and the dates of treatment.

82. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Office of the Corporation Counsel to obtain the records of all (a) health providers who have rendered pediatric care (including treatment for any of the injuries currently alleged) to plaintiff(s); and (b) health care providers that screened blood of plaintiff(s). The authorizations must contain the name and address of each medical provider as well as the dates of treatment or testing.

83. Provide duly executed authorizations enabling defendant(s) to obtain the records of any and all schools, and/or day care centers attended by the plaintiff(s) to date; the authorizations must include the name(s) and address(es) of the schools and the dates of attendance.

84. Provide the name and address of the academic institution most recently attended by the infant plaintiff's natural mother and a duly executed authorization allowing that institution to release its records to the defendant(s). If the infant plaintiff's mother is not the custodial parent, please provide the same information with respect to any adult acting as the infant plaintiff's guardian or caretaker.

85. If the infant plaintiff has any siblings, please provide the following for each such sibling:
    (a) Name, date of birth and current address;
    (b) Names and addresses of any and all schools, pre-schools or day-care centers attended, and duly executed authorizations allowing those institutions to release their records to the defendant(s).

86. For each infant plaintiff, provide the name, date of birth and last known address of the biological father.

87. Provide copies of any photographs, movies, or videotapes depicting the premises.

88. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

89. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S))

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand, all other parties (excluding plaintiff(s)) are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such

information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

## GENERAL DEMANDS TO PARTIES (EXCLUDING PLAINTIFF(S))

1. Provide copies of complete contents of insurance policies in effect on the date of occurrence, including all endorsements, terms, and conditions, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

2. Provide copies of all excess and umbrella insurance policies in effect on date of occurrence, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

3. Provide copies of all certificates of insurance in effect on the date of occurrence, including but not limited to, any which name this defendant, or any of its agencies, as an insured or as an additionally insured.

4. Copies of all contracts, sub-contracts, leases, franchises, and indemnification agreements in effect on date of occurrence.

5. Provide copies of any documents, records or photographs relating to any repairs made to the location, premises or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

6. Provide copies of any documents, records or logs relating to any maintenance (including cleaning, altering, and shoveling) performed at, or to, the location, premises, or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

7. Copies of all accident reports kept in the regular course of business regarding the occurrence complained of in plaintiff's complaint.

8. Provide a copy of plaintiff(s) Bill of Particulars and any discovery items previously exchanged, (including but not limited to; deposition transcripts and reports of physical examinations conducted of the plaintiff), and served upon or by defendant(s) or third-party defendant(s).

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S)) INVOLVING ALLEGED ROADWAY, SIDEWALK, AND CONSTRUCTION ACCIDENTS

**Where applicable, in addition to the foregoing, in any action alleging defective roadway, sidewalk, or construction, the following items are additionally demanded:**

9. Provide copies of all applications for permits, cut forms, opening tickets, work tickets, and paving orders.

10. Provide copies of all drawings, schematics, blueprints, strip maps, diagrams of underground facilities and of street hardware, including manhole covers, castings, and gratings.

11. Provide copies of all daily, weekly, and/or monthly progress reports, job progress photographs, and photographs of roadway color coding for entire period of construction.

12. Provide copies of all maintenance, inspection and repair records for the entire period of construction.

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S)) INVOLVING MOTOR VEHICLE ACCIDENTS

**Where applicable, in addition to the foregoing, in any action in which it is alleged that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:**

13. Provide a copy of the title for any vehicle involved in the incident.

14. Provide a copy of the driver's license for the applicable driver involved in the incident.

15. Provide a copy of the registration for the applicable vehicle involved in the incident.

16. Provide the following records for the applicable vehicle involved in the incident for a two-year period prior to the alleged incident: (a) repair records (including logs, bills, and receipts); and (b) maintenance records (including logs, bills, and receipts).

17. Provide a copy of any recall notice received regarding any vehicle involved in the incident.

18. Provide photographs of the vehicle involved in the accident taken:
    (a) before the accident;

(b) after the accident.

19. Provide any estimates to repair the vehicle involved in this accident.

20. Provide any records or receipts for towing of the vehicle involved in this accident.

21. Provide a copy of any MV-104 related to the incident.

22. Provide a copy of any Department of Motor Vehicle hearing related to the incident; and provide (a) the date, location, name of the parties, and name of Judicial Hearing Officer who presided over any Department of Motor Vehicle hearing.

23. Provide a copy of any accident report provided to any insurance company regarding this accident.

24. Provide any notes or memorandum describing this accident.

25. Provide a copy of any insurance policy, including any umbrella or excess policies, covering the vehicle defendant or third-party plaintiff was operating at the time of this accident.

26. Provide a copy of any no-fault file pertaining to plaintiff(s) related to the incident.

## ADDITIONAL DEMANDS TO ANY THIRD-PARTY PLAINTIFF WHO HAS AN ACTION AGAINST A PARTY REPRESENTED BY THE OFFICE OF THE CORPORATION COUNSEL

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand, any third party-plaintiff who has an action against a party represented by the Office of the Corporation Counsel, it is requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

27. Provide a copy of any document (with all attachments) previously exchanged by the parties (including pleadings, bills of particulars, deposition transcripts, medical records, correspondence, motions, discovery responses, etc.).

28. Provide a copy of all court orders and stipulations issued in the litigation.

## DEMAND FOR VERIFIED BILL OF PARTICULARS TO ANY THIRD-PARTY PLAINTIFF WHO HAS AN ACTION AGAINST A PARTY REPRESENTED BY THE OFFICE OF THE CORPORATION COUNSEL

**PLEASE TAKE NOTICE** that pursuant to CPLR 3041, any third party-plaintiff who has an action against a party represented by the Office of the Corporation Counsel is required within 30 days following service of this demand to serve upon JAMES E. JOHNSON, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

1. State separately the alleged negligence of any party represented by the Office of the Corporation Counsel, if applicable.

2. State separately the alleged intentional wrongs committed by any party represented by the Office of the Corporation Counsel, if applicable.

3. State the name of any employee or agent of any party represented by the Office of the Corporation Counsel alleged to have committed any act which contributed to an injury.

4. State (a) whether any repair was made to the accident location prior to the happening of the alleged accident; (b) when any repair was made; (c) where any repair was made; (d) who made any repair; and (e) what repairs were made.

5. State (a) whether any party represented by the Office of the Corporation Counsel had notice of an alleged defective condition which contributed to an injury; (b) which party had notice; (c) whether the party had actual notice of a condition; (d) whether the party had constructive notice of a condition; and (e) whether it is alleged that the party created the condition.

6. If actual notice is claimed, please state (a) the name of any individual(s) who had actual notice; (b) the job title of any individual(s) who had actual notice; (c) the employer of any individual(s) who had actual notice; and (d) the address and phone number of any individual(s) who had actual notice. If you are unable to provide any of the above information, please provide a description reasonably sufficient to

identify each person you believe may have had actual notice. This demand includes all individuals, even if employed by any of the parties.

      7.  If constructive notice of a condition is claimed, please state the alleged condition and the length of time said condition is alleged to have existed prior to the happening of the alleged incident.

      8.  If third-party plaintiff(s) claims the violation of any statute, ordinance, rule, order, regulation, or directive, please state separately all such statutes, ordinances, rules, regulations, and directives alleged to have been violated by any party represented by the Office of the Corporation Counsel.

      9.  If applicable, please state whether any party represented by the Office of the Corporation Counsel was a party to a contract; and please state the:

            (c)  parties to the contract;

            (d)  contract number.

      10. If applicable, please state any item of construction, excavation, and demolition work which was not so constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate safety; and please state (a) the manner in which the work caused an alleged injury; and (b) if applicable, the control exercised by any party represented by the Office of the Corporation Counsel and the exact manner in which said control was exercised.

Dated:      New York, New York
            December 10, 2020

                                        Yours, etc.
                                        JAMES E. JOHNSON
                                        Corporation Counsel
                                        Attorney for Defendant THE CITY OF NEW YORK,
                                        100 Church Street
                                        New York, New York 10007

TO:

RUBENSTEIN & RYNECKI, ESQS.
the attorney(s) for Plaintiff(s)
16 COURT STREET, SUITE 1717
BROOKLYN, NY 1121

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 60 of 87 PageID #: 64

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------  x

RDK NY INC. D/B/A GREEN ANGEL CDB, OREN LEVY
AND RONEN LEVY,

**NOTICE OF DEPOSITION**

Plaintiff(s),

Index #:  518387/2020

-against-

Law Dept. #:  2020-037156

THE CITY OF NEW YORK, POLICE OFFICER RODNEY
GREENIDGE, POLICE OFFICER JOSHUA GANSHAW,
JOHN DOES-POLICE OFFICERS AS YET UNIDENTIFIED,
FEDERAL EXPRESS CORPORATION AND JOHN DOE-
DRIVER OF FEDERAL EXPRESS CORPORATION TRUCK
AS YET UNIDENTIFIED,

Defendant(s).

---------------------------------------------------------------------  x

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules,

the undersigned will take by deposition the testimony of all adverse parties at a time and date to be mutually

agreed upon at the pre-calendar conference.

      **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony the

said adverse parties shall produce all books and papers in their possession relating to the issues upon which

said parties are to be examined and upon your failure to so produce them, parol and/or secondary evidence

thereof and of the contents of the same will be required.

                    Yours, etc.
                    JAMES E. JOHNSON
                    Corporation Counsel
                    Attorney for Defendant THE CITY OF NEW
                    YORK,
                    100 Church Street
                    New York, New York 10007

TO:
RUBENSTEIN & RYNECKI, ESQS.
the attorney(s) for Plaintiff(s)
16 COURT STREET, SUITE 1717
BROOKLYN, NY 1121

## VERIFICATION

JON MARTINO an attorney admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the Civil Practice Laws and Rules: affirmant is an employee of the Office of the Corporation Counsel; that affirmant has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters alleged upon information and belief, which affirmant believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board/Department of Education, and the officers or agents thereof; and further swears that on this date he/she served said answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery upon:

RUBENSTEIN & RYNECKI, ESQS.
the attorney(s) for Plaintiff(s)
at  16 COURT STREET, SUITE 1717
BROOKLYN, NY 1121

by e-filing a copy on the New York State Courts E-filing system within this e-filed matter .

Dated:        New York, New York
              December 10, 2020

**Jon Martino**

Digitally signed by Jon Martino
DN: cn=Jon Martino, o=NYC Law
Department, ou,
email=jmartino@law.nyc.gov,
c=US
Date: 2020.12.10 13:14:27 -05'00'

JON MARTINO

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board/Department of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated:        New York, New York
              December 10, 2020

**Jon Martino**

Digitally signed by Jon Martino
DN: cn=Jon Martino, o=NYC Law
Department, ou,
email=jmartino@law.nyc.gov, c=US
Date: 2020.12.10 13:14:41 -05'00'

By:

JON MARTINO
Assistant Corporation Counsel

Attorney(s) for Plaintiff(s)

**Please do not send correspondence to the above named individual unless otherwise directed.** See Answer back for additional contact information.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 62 of 87 PageID #: 66

Index #: 518387/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

RDK NY INC. D/B/A GREEN ANGEL CDB, OREN LEVY AND
RONEN LEVY,

Plaintiff(s),

- against -

THE CITY OF NEW YORK, POLICE OFFICER RODNEY
GREENIDGE, POLICE OFFICER JOSHUA GANSHAW, JOHN DOES-
POLICE OFFICERS AS YET UNIDENTIFIED, FEDERAL EXPRESS
CORPORATION AND JOHN DOE-DRIVER OF FEDERAL EXPRESS
CORPORATION TRUCK AS YET UNIDENTIFIED,

Defendant(s).

# ANSWER WITH CROSS-CLAIMS AND DEMANDS

JAMES E. JOHNSON
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK,
100 Church Street
New York, New York 10007
Telephone Numbers:

Early Intervention Unit (settlements – all Boroughs)
  (212) 356-1665
Pleadings Unit (212) 356-3235 (pleadings matters only)

All Other Matters (Inquire by county of venue)
  Bronx Office: (718) 503-5030 (EBT's - 5045)
  Brooklyn Office: (718) 724-5200 (EBT's-5226)
  Manhattan Office: (212) 356-2725 (EBT's-2791)
  Queens Office: (718) 558-2100 (EBT's - 2105)
  Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2020-037156**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 518387/2020
Date of filing:

-----------------------------------------------------X

RDK NY INC. d/b/a GREEN ANGEL CBD, OREN
LEVY and RONEN LEVY,

Plaintiff designates Kings
County as the place of trial

               Plaintiffs,

Basis of the venue is the Locus
of Occurrence

        -against-

**SUPPLEMENTAL
SUMMONS**

THE CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER JOSHUA
GANSHAW, JOHN DOES–Police Officers as yet
unidentified, FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM, INC. and
JOHN DOE– Driver of Fedex Ground Package System,
Inc. Truck as yet unidentified,

Plaintiff OREN LEVY, resides at
1180 Ocean Parkway
Brooklyn, New York 11230

County of Kings

              Defendants.

-----------------------------------------------------X

### TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in the case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**
THE CITY OF NEW YORK
c/o James E. Johnson
Corporation Counsel
100 Church Street
New York, New York 10007

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

POLICE OFFICER RODNEY GREENIDGE
c/o New York City Police Department- 75th
Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

POLICE OFFICER JOSHUA GANSHAW
Tax ID # 966072
c/o New York City Police Department- 75th
Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 64 of 87 PageID #: 68

**Defendant's address:**
FEDERAL EXPRESS CORPORATION
C T Corporation System
28 Liberty Street
New York, New York 10005

c/o Gregory M. Monaco
1000 FedEx Drive
Moon Township, Pennsylvania 15108

FEDEX GROUND PACKAGE SYSTEM, INC.
C T Corporation System
28 Liberty Street
New York, New York 10005

Dated: Brooklyn, New York
    February 24, 2021

2

Case 1:21-cv-01529-EK-RER  Document 1-1  Filed 03/23/21  Page 65 of 87 PageID #: 69

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X           Index No.: 518387/2020
RDK NY INC. d/b/a GREEN ANGEL CBD, OREN
LEVY and RONEN LEVY,

               Plaintiffs,

      -against-                                          **AMENDED**
                                               **COMPLAINT**
THE CITY OF NEW YORK, POLICE OFFICER
RODNEY GREENIDGE, POLICE OFFICER JOSHUA
GANSHAW, JOHN DOES-Police Officers as yet
unidentified, FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM, INC. and
JOHN DOE– Driver of Fedex Ground Package System,
Inc. Truck as yet unidentified,

               Defendants.
------------------------------------------------------X

      Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the

defendants herein, upon information and belief, respectfully show to this Court, and allege as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF PERSONAL PROPERTY ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

      1.      That at all times hereinafter mentioned, plaintiff,  RDK NY INC. d/b/a GREEN

ANGEL CBD,  was in the business of the County of Kings, City and State of New York.

      2.      That at all times hereinafter mentioned, plaintiff, OREN LEVY, was and still is

a resident of the County of Kings, City and State of New York.

      3.      That at all times hereinafter mentioned, plaintiff,  RONEN LEVY,  was and still

is a  resident of the County of Kings, City and State of New York.

      4.      That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY

INC. d/b/a GREEN ANGEL CBD,  was and is a domestic business corporation duly organized

and existing under and by virtue of the laws of the State of New York.

      5.      That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY

INC. d/b/a GREEN ANGEL CBD,  was and is a domestic business corporation duly organized

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 66 of 87 PageID #: 70

and existing under and by virtue of the laws of the State of New York.

6.    That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

7.    That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

8.    That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, conducted business and maintained offices within the State of New York.

9.    That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and still is a domestic business corporation, duly authorized to do business in the State of New York.

10.    That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, maintained its principal place of business within the State of New York.

11.    That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, regularly does, or solicits, business in the State of New York.

12.    That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13.    That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.    That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a domestic business corporation duly

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 67 of 87 PageID #: 71

organized and existing under and by virtue of the laws of the State of New York.

15. That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

16. That on November 2, 2019, and at all times herein mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

17. That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, conducted business and maintained offices within the State of New York.

18. That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a domestic business corporation, duly authorized to do business in the State of New York.

19. That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, maintained its principal place of business within the State of New York.

20. That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, regularly does, or solicits, business in the State of New York.

21. That on November 2, 2019, and at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION , received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

22. That on November 2, 2019, and at all times herein mentioned, defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

23. That on November 2, 2019, and at all times herein mentioned, defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was and is a domestic business corporation duly

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 68 of 87 PageID #: 72

organized and existing under and by virtue of the laws of the State of New York.

24.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

25.     That on November 2, 2019, and at all times herein mentioned, defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

26.     That on November 2, 2019, and at all times hereinafter mentioned, the defendant, FEDEX GROUND PACKAGE SYSTEM, INC., conducted business and maintained offices within the State of New York.

27.     That on November 2, 2019, and at all times hereinafter mentioned, the defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was and still is a domestic business corporation, duly authorized to do business in the State of New York.

28.     That on November 2, 2019, and at all times hereinafter mentioned, the defendant, FEDEX GROUND PACKAGE SYSTEM, INC., maintained its principal place of business within the State of New York.

29.     That on November 2, 2019, and at all times hereinafter mentioned, the defendant, FEDEX GROUND PACKAGE SYSTEM, INC., regularly does, or solicits, business in the State of New York.

30.     That on November 2, 2019, and at all times hereinafter mentioned, the defendant, FEDEX GROUND PACKAGE SYSTEM, INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

31.     That all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

32.     That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 69 of 87 PageID #: 73

33. That prior hereto on January 6, 2020, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, was served and that thereafter, and within the time provided by law, this action was commenced.

34. Pursuant to the General Municipal Law, the Statutory 50-H Hearings of the plaintiffs were held on February 13, 2020.

35. That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the defendant, THE CITY OF NEW YORK, employed POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, as police officers, agents, servants and/or employees.

36. That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., employed JOHN DOE–Driver of Fedex Ground Package System, Inc. Truck, as yet unidentified, an agent, servant and/or employee.

37. The plaintiff, OREN LEVY, was the owner of the company known as RDK NY INC d/b/a GREEN ANGEL CBD, located at 1180 Ocean Avenue, in the County of Kings, City and State of New York.

38. The plaintiff OREN LEVY, was in the business of buying and selling hemp plants and products through his company, RDK NY INC d/b/a GREEN ANGEL CBD, located at 1180 Ocean Parkway, in the County of Kings, City and State of New York.

39. Prior to November 2, 2019, a call was made for the plaintiff, OREN LEVY, to Fox Holler Farms in Vermont, placing an order of 106 pounds of hemp products that consisted of nine (**9**) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000.

40. The plaintiff, OREN LEVY, was supposed to receive the shipment through the defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., from Fox Holler Farm in Vermont, but was indisposed due to being hospitalized for two (2) days. Instead of having the shipment delivered at his place of business located at the address of 1180 Ocean Avenue, he decided to have the order sent to his brother's address, the plaintiff, RONEN LEVY, at 2425 Kings Highway, in the County of Kings, City and State of New York.

41. The plaintiff, OREN LEVY, received notification that his packages from Fox Holler Farm, in Vermont was seized by the Vermont Police Department, while tracking the same through a track number from the defendants, defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC. The plaintiff learned that defendants, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE –Driver Fedex Ground Package System, Inc. truck notified the Vermont Police Department of packages of illegal substance such as marijuana were being delivered at 2425 Kings Highway, in the County of Kings, City and State of New York. Said packages were sent to the Vermont Police Department.

42. The plaintiff, RONEN LEVY, contacted the Vermont Police Department, to inquire the status of his packages to be delivered at 2425 Kings Highway, in the County of Kings, City and State of New York. He was informed that the packages have been cleared, the paperwork was lawful and proper and the shipment was going to be delivered at the location requested and also apologized for the inconvenience.

43. Thereafter, the plaintiff, OREN LEVY, was tracking down for his packages to be delivered after all was cleared by the Vermont Police Department, The plaintiff learned that defendants, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE-Driver of Fedex Ground Package System, Inc. truck notified the defendant, THE CITY OF NEW YORK, and the packages were confiscated once again, this time by defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA

GANSHAW and JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendant, THE CITY OF NEW YORK, after the defendant, JOHN DOE-Driver of the Fedex Ground Package System, Inc. Truck, brought the packages of illegal products assumed to be marijuana to the Precinct.

44.     The defendants, THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, had knowledge and learned that the packages were of hemp products and not marijuana as assumed, nevertheless they refused to release the same and as a result the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY, were caused to be deprived of their business and livelihood.

45.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION, TRESPASS, TORTIOUS INTERFERENCE WITH PERSONAL PROPERTY ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

46.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "45" inclusive with the same force and effect as if more fully set forth at length herein.

47.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, was an owner of a company known as RDK NY INC. d/b/a GREEN ANGEL CBD, which is based in Brooklyn, New York, doing business of buying and selling of hemp products.

48.     Prior to November 2, 2019 and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, placed an order to Fox Holler Farms, located in Vermont. The order consists of 106 lbs of hemp, which equals to nine (**9**) boxes in the amount

of costs for $17,000.  From the order the plaintiff would make a profit in the amount between $60,000 to $100,000.

49.    The plaintiff, OREN LEVY, was supposed to receive a shipment at this place of business, but due to being indisposed due to being hospitalized for two (**2**) days, he decided to have the products to be delivered at his brother's residence, the plaintiff, RONEN LEVY at 242 Kings Highway, in the County of New York, City and State of New York.

50.    As a result of the delivery by Fox Holler Farms, the products were confiscated by the Vermont Police Department after being reported of illegal packages assumed to be marijuana from an agent from the Fedex Ground Package System, Inc. The plaintiff contacted the Vermont Police Department where the order of the  products was cleared and documentation for the same were in good standing and released to be delivered at the designated destination.

51.    The plaintiff tracked he delivery to only learned that defendants, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE–Driver of Fedex Ground Package System, Inc. truck reported illegal packages that consist of hemp products were once confiscated this time by the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, acting as agents, servants and/or employees of the defendant, THE CITY OF NEW YORK, after it was reported once again by an agent from Fedex Ground Package System, Inc. by bringing said products which was assumed to be marijuana to the precinct. The defendants refused to release the packages to the plaintiffs.

52.    Stemming from the aforementioned, all of the defendants, POLICE OFFICER RODNEY GREENIDGE,  POLICE OFFICER GANSHAW and JOHN DOES-Police Officers as yet unidentified, trespassed, had actual knowledge with intent to withhold and/or deprive plaintiffs' property when they refused to return the same after learning that  the packages were of hemp products which was legal to sell  and not marijuana as assumed  originally by the defendant, and JOHN DOE-Driver of Fedex Ground Package System, Inc. truck, who reported the package to be of illegal products to the defendants.

53.     As a result, the plaintiffs were deprived in retrieving their packages that consist of hemp products which was ordered for the purpose of their business. Knowing that the products was not marijuana as assumed, the defendants coerced plaintiffs and told that their paperwork was sufficient in an attempt to arrest the plaintiff, OREN LEVY.

54.     The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, that defendants, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE-Driver of Fedex Ground Package System, Inc. truck, who have committed the acts of trespass, conversion and tortious interference with personal property alleged herein by refusing to release the packages of the products purchased by the plaintiffs for business purposes which was assumed was an illegal substance such as marijuana, but was actually hemp products.

55.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY

56.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "55" inclusive with the same force and effect as if more fully set forth at length herein.

57.     The defendants were negligent, reckless and careless in making false claims and/or a statement and surrendering the packages assumed of illegal products, such as marijuana this time to the defendants; in confiscating the packages refusing to return to the plaintiffs, after learning that the packages contained of hemp products which the plaintiff was in the business of selling and buying the same; in depriving the plaintiffs of their livelihood; in withholding plaintiffs' goods; in creating a media spectacle of the confiscation of the plaintiffs' goods which

defendants' knew or should have known were legal hemp products; in knowingly being aware that plaintiff's property was legal, but refused to return plaintiffs' property; in depriving plaintiffs' property; in carelessly published and publicized the incident on a variety of public platforms including but not limited to Facebook, Twitter and Instagram; and were otherwise negligent.

58.     At all times herein mentioned, POLICE OFFICER RODNEY, GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers yet unidentified were acting within their scope of employment for the City of New York, and the New York City Police Department and as such The City of New York is responsible for their conduct under respondeat superior.

59.     As a result the plaintiffs were caused to be deprived of their business and livelihood, sustained serious injuries, the full extent of which are currently unknown, including, but not limited to, loss and conversion of property, specifically hemp, in the amount of $100,000; property damage, damage to reputation and credit, loss of earnings; damage to his businesses; attorney's fees for the baseless criminal proceedings; loss of earnings capacity and capability; mental anguish and other psychological injuries; required and requires medical treatment; fear, anxiety, shame, humiliation, indignity; property damage, damage to reputation and credit, loss of earnings; difficulty sleeping; and all damages sustained as a result of the defendants conduct.

60.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

61.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "60" inclusive with the same force and effect as if more fully set forth at length herein.

62. That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their police officers, agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who confiscated the packages of hemp products which was ordered from Fox Holler Farms in Vermont, for business purposes belonging to the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, and refused to return the same which deprived the plaintiffs of their business and livelihood.

63. That the defendant, THE CITY OF NEW YORK, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

64. By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

65. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "64" inclusive with the same force and effect as if more fully set forth at length herein.

66. The defendant, THE CITY OF NEW YORK, through policies, practices and customs, directly caused the constitutional violation suffered by plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY.

67. The defendant, THE CITY OF NEW YORK, through its police department, has had and still has hiring practices that it knows will lead to the hiring of the police officers,

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 76 of 87 PageID #: 80

including but not limited POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

68. The defendant, THE CITY OF NEW YORK, through its police department, has *de facto quota* policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

69. The defendant, THE CITY OF NEW YORK, at all relevant times, was, upon information and belief, aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

70. The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

71. That as a result of the aforesaid false arrest and confinement, plaintiff, OREN LEVY, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

72. As a direct and proximate result of this unlawful conduct, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained the damages hereinbefore alleged.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES
## ON BEHALF OF RDK NY INC. d/b/a GREEN ANGEL CBD AND OREN LEVY

73.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "72" inclusive with the same force and effect as if more fully set forth at length herein.

74.     The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

75.     That the defendant, THE CITY OF NEW YORK, authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW , JOHN DOES-Police Officers, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE–Driver of Fedex Ground Package System, Inc. truck as yet unidentified, herein-above alleged.

76.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR
## FALSE ARREST ON BEHALF OF RONEN LEVY

77.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "76" inclusive with the same force and effect as if more fully set forth at length herein.

78.     That prior hereto on December 11, 2019, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, was served and that thereafter, and within the time provided by law, this action was commenced.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 78 of 87 PageID #: 82

79.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, RONEN LEVY, was lawfully present at or about the premises known as the 75th Precinct, located at 1000 Sutter Avenue, in the County of Kings, City and State of New York.

80.     While at the aforementioned location voluntarily and under pretenses, the plaintiff, RONEN LEVY, was approached and was falsely arrested by the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified. The plaintiff was handcuffed and taken under police custody where he was placed in a holding place at the 75th Precinct and was kept there until 2:30 am the following day, on November 3, 2019 at which time the plaintiff was transported to Kings County Central Booking where he was held for multiple hours  until he was released at approximately 8:00 pm, on November 3, 2019.

81.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, RONEN LEVY, was falsely arrested by defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK, at the aforesaid premises.

82.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the aforementioned false arrest was performed knowingly, intentionally and willfully.

83.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief the defendants,  POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who falsely arrested the plaintiff,  RONEN LEVY, were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK.

84.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 79 of 87 PageID #: 83

reasonable grounds and not founded upon an arrest warrant.

85.     That as a result of the aforesaid false arrest and confinement, plaintiff, RONEN LEVY, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

86.     By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF RONEN LEVY

87.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "86" inclusive with the same force and effect as if more fully set forth at length herein.

88.     That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, who assaulted, battered and violated the civil rights of the plaintiff, RONEN LEVY.

89.     That the defendant, THE CITY OF NEW YORK, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

90.     By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR AN NINTH CAUSE OF ACTION FOR FALSE
## IMPRISONMENT ON BEHALF OF RONEN LEVY

91. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "90" inclusive with the same force and effect as if more fully set forth at length herein.

92. That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified,  were acting within the scope of their employment when they, without justification and without probable cause, imprisoned the plaintiff.

93. That the defendant,  POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, while acting within the scope of their employment, intentionally confined the plaintiff against his will and said  confinement was not privileged

94. By the reason of the foregoing, the plaintiff,  RONEN LEVY,  sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A TENTH CAUSE OF ACTION FOR INTENTIONAL
## AND NEGLIGENT INFLICTION OF EMOTIONAL
## DISTRESS ON BEHALF OF  RONEN LEVY

95. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "94" inclusive with the same force and effect as if more fully set forth at length herein.

96. That the defendant, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW, JOHN DOES-Police Officers as yet unidentified, that defendants, FEDERAL EXPRESS CORPORATION and  FEDEX  GROUND PACKAGE SYSTEM, INC.,  and JOHN DOE —Driver of Federal Express Corporation truck acted  intentionally, recklessly and with utter

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 81 of 87 PageID #: 85

disregard to the consequences of their actions and caused severe emotional distress to the plaintiff through their actions.

97.    Said actions exceeded all reasonable bounds of decency, were outrageous and shocking  and resulted in severe emotional distress to the plaintiff,  RONEN LEVY.

98.    That as a result of said intentional and negligent acts, the plaintiff, RONEN LEVY, become sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of his person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

99.    By reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A ELEVENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF RONEN LEVY

100.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "99" inclusive with the same force and effect as if more fully set forth at length herein.

101.    The defendant, THE CITY OF NEW YORK, through policies, practices and customs, directly caused the constitutional violation suffered by plaintiff, RONEN LEVY.

102.    The defendant, THE CITY OF NEW YORK, through its police department, has had and still has hiring practices that it knows will lead to the hiring of the police officers, including but not limited POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

103.    The defendant, THE CITY OF NEW YORK, through its police department, has *de facto quota* policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 82 of 87 PageID #: 86

104.    The defendant, THE CITY OF NEW YORK, at all relevant times, was, upon information and belief, aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

105.    The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

106.    As a direct and proximate result of this unlawful conduct, the plaintiff, RONEN LEVY, sustained the damages hereinbefore alleged.

### AS AND FOR A TWELFTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF RONEN LEVY

107.    The plaintiff repeat and realleges each and every allegation set forth above numbered "1" through "106" inclusive with the same force and effect as if more fully set forth at length herein.

108.    The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

109.    That the defendant, THE CITY OF NEW YORK, authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited to POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers, that defendants, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and JOHN DOE –Driver of Fedex Ground Package System, Inc. truck as yet unidentified, herein-above alleged.

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 83 of 87 PageID #: 87

110.    By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC. AND JOHN DOE-DRIVER ON BEHALF OF  RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY

111.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "110" inclusive with the same force and effect as if more fully set forth at length herein.

112.    The defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., including but not limited to JOHN DOE, acting as an agent, servant and/or employee, were negligent, reckless and careless in making a false claim and/or a statement and surrendering the packages assumed of illegal products, such as marijuana, but were actually hemp products to the Vermont Police Department,  prior to being delivered at 2425 Kings Highway, in the County of Kings, City and State of New York.

113.    The defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., including but not limited to JOHN DOE,  acting as an agent, servant and/or employee, were negligent, reckless and careless in making another false claim and/or a statement and surrendering the packages assumed of illegal products, such as marijuana this time to the defendants, THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, which said defendants confiscated the packages refusing to return to the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and  OREN LEVY, after learning that the packages contained of hemp products which the plaintiff was in the business of selling and buying the same.

114.    As a result the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, were caused to be deprived of their business and livelihood.

115.    By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount exceeding the jurisdictional

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 84 of 87 PageID #: 88

limits of all the lower Courts.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE DEFENDANTS, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC. AND JOHN DOE-DRIVER ON BEHALF OF RONEN LEVY

116.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "115" inclusive with the same force and effect as if more fully set forth at length herein.

117.    The defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., including but not limited to JOHN DOE, acting as an agent, servant and/or employee, were negligent, reckless and careless in making a false claim and/or a statement and surrendering the packages of assumed of illegal products, such as marijuana to the defendants, THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, POLICE OFFICER JOSHUA GANSHAW and JOHN DOES-Police Officers as yet unidentified, prior to being delivered as scheduled at the plaintiff's residence, RONEN LEVY, located at 2425 Kings Highway, in the County of Kings, City and State of New York, which resulted said plaintiff to be falsely arrested by the defendants once arrived at the police station to collect the packages containing of hemp products.

118.    As the result of said negligence, the plaintiff, RONEN LEVY, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

119.    By the reason of the foregoing, the plaintiff, RONEN LEVY, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First** Cause of Action; plaintiffs, RDK NY INC.

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 85 of 87 PageID #: 89

d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second** Cause of Action;  plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third** Cause of Action;  plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth** Cause of Action;  plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and  exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth** Cause of Action;  plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Sixth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory, and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the, **Seventh** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount  exceeding the jurisdictional limits of all lower Courts on the **Eighth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount  exceeding the jurisdictional limits of all lower Courts on the **Ninth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount  exceeding the jurisdictional limits of all lower Courts on the **Tenth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount  exceeding the jurisdictional limits of all lower Courts on the **Eleventh** Cause of Action; plaintiffs, RONEN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Twelfth** Cause of Action; plaintiffs' RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Thirteenth** Cause of Action; plaintiff, RONEN LEVY, demands judgment both compensatory and exemplary in an amount

Case 1:21-cv-01529-EK-RER   Document 1-1   Filed 03/23/21   Page 86 of 87 PageID #: 90

exceeding the jurisdictional limits of all lower Courts on the **Fourteenth** Cause of Action together with attorneys' fees, and the costs and disbursements of this action.


DATED:  Brooklyn, New York
        March 1, 2021


                                        Yours, etc.,

                                        SANFORD A. RUBENSTEIN, ESQ.
                                        RUBENSTEIN & RYNECKI, ESQS.
                                        Attorneys for Plaintiffs
                                        RDK NY INC. d/b/a GREEN ANGEL CBD
                                        OREN LEVY
                                        RONEN LEVY
                                        16 Court Street Suite 1717
                                        Brooklyn, New York 11241
                                        (718) 522-1020
                                        File No.: 19RL11-02

Case 1:21-cv-01529-EK-RER Document 1-1 Filed 03/23/21 Page 87 of 87 PageID #: 91

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK      )

                             ) SS:

COUNTY OF KINGS        )

OREN LEVY,  being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
OREN LEVY

Sworn to before me this 25
of February , 2021

_____
NOTARY PUBLIC

SUZANNE VALENTINE
Commissioner of Deeds, City of New York
No. 4-10061
Certificate Filed in Queens County
Term Expires October 1, 2022