UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

RDK NY INC. d/b/a GREEN ANGEL CBD,
OREN LEVY, and RONEN LEVY,

                 Plaintiffs,

               -against-

THE CITY OF NEW YORK, RODNEY
GREENIDGE, JOSHUA GANSHAW, JOHN DOES,
FEDERAL EXPRESS CORPORATION, et al.,

                 Defendants.

-------------------------------------x

<u>**MEMORANDUM & ORDER**</u>
21-CV-1529(EK)(RER)

ERIC KOMITEE, United States District Judge:

        Plaintiff RDK NY Inc. is a hemp company owned by

Plaintiff Oren Levy.  Those two plaintiffs brought this case in

state court along with a third plaintiff, Oren's brother Ronen,

against various defendants — Federal Express Corporation

("FedEx"), FedEx Ground Package System, Inc. ("FedEx Ground"),

the City of New York ("City"), named and unnamed individual NYPD

officers, and an unnamed driver for FedEx Ground.[1]  They allege

numerous claims, including for negligence, property damage, and

civil rights violations.  FedEx Ground, with the consent of

FedEx and the City, removed the case to federal court in March

---

     [1] Plaintiffs name, as "John Doe" defendants, additional unidentified
NYPD police officers and the individual FedEx Ground driver.  *See* Ex. A, Am.
Compl. ¶¶ 35-36, ECF No. 1-1.

2021.  Notice of Removal, ECF No. 1.  All plaintiffs then moved
to remand to state court under 28 U.S.C § 1447.  Ronen Levy also
moved to sever his claims under Federal Rule of Civil Procedure
21, in the event that remand of the other plaintiffs' claims was
denied.  For the reasons that follow, the motions to remand and
sever are DENIED in their entirety.

## I.    Background

        RDK NY trades in hemp products.  Am. Compl. ¶ 38.
Oren arranged for an order of hemp plants to be shipped via
defendant FedEx Ground to his brother, Ronen.  *Id.* ¶ 40.  Before
the hemp reached Ronen, a FedEx Ground driver — defendant John
Doe — brought the hemp to an NYPD precinct and reported that he
believed the plants to be marijuana.  *Id.* ¶ 43.  When Ronen
appeared at the police precinct to inquire about the plants, he
was arrested by NYPD officers and held overnight.  *Id.* ¶ 80.
The officers also "attempted to arrest" Oren.  *Id.* ¶ 53.
Plaintiffs allege that the NYPD refused to release the hemp even
after learning that it was not, in fact, marijuana, causing
Plaintiffs "to be deprived of their business and livelihood."
*Id.* ¶ 44.

        The RDK Plaintiffs assert claims for deprivation of
personal property, conversion, trespass, tortious interference
with property, and negligence against FedEx Ground and FedEx.
*Id.* ¶¶ 41–43, 51–54, 57, 59, 112–14.  Against the City and the

NYPD defendants, they assert those same claims and also claims for civil rights violations. *Id.* ¶¶ 43–44, 51–54, 57–59, 61–63, 66–71.  In addition, Ronen asserts claims for emotional distress and negligence against FedEx Ground, *id.* ¶¶ 96–98, 117–18, and for false arrest, false imprisonment, emotional distress, and civil rights violations against the City and individual NYPD officers, *id.* ¶¶ 78–85, 92–93, 96–98, 101–05.  Both the RDK Plaintiffs and Ronen assert claims for negligent hiring practices against the City, *id.* ¶¶ 61–64, 88–90, and claims for punitive damages against all defendants, *id.* ¶¶ 74–75, 108–09.

Plaintiffs initiated this action together in the Supreme Court of New York, Kings County on September 29, 2020, and filed an amended complaint on March 2, 2021.  *See* Ex. A, Compl.; Am. Compl.  On March 23, 2021, FedEx Ground filed a timely notice of removal, arguing that RDK Plaintiffs' and Ronen Levy's state-law claims against FedEx Ground are preempted by federal law.  Notice of Removal ¶¶ 6–8, ECF No. 1.  Plaintiffs dispute this preemption claim and seek remand, as noted above.  Ronen also moves to sever his claims from those of the RDK Plaintiffs.

## II.  Discussion

### A.   RDK Plaintiffs' Motion to Remand Is Denied

The RDK Plaintiffs move to remand their case on the ground that FedEx Ground's removal was improper.  As set forth

below, their motion is denied because their claims against FedEx Ground are preempted by federal law.  Given that conclusion, I will also exercise supplemental jurisdiction over the RDK Plaintiffs' additional state-law claims.

    1.   <u>Motion to Remand Legal Standard</u>

        Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).[2]

        Generally speaking, removal is permissible "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, even where a complaint does not contain an explicitly federal claim, a court "may uphold removal . . . where federal law completely preempts a plaintiff's state-

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  Complete preemption occurs "when Congress has . . . completely preempted, or entirely substituted, a federal law cause of action for a state one" such that a "plaintiff cannot avoid removal by declining to plead necessary federal questions." *Romano v. Kazacos*, 609 F.3d 512, 519 (2d Cir. 2010); *see also Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) ("Complete preemption occurs when the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.").[3]

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

---

[3] Federal district courts thus construe completely preempted state-law claims as "arising under" federal law.  *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005).  The Supreme Court has found only three statutes to have the preemptive force required to support complete preemption: Section 301 of the Labor-Management Relations Act; Section 502(a) of the Employee Retirement Income Security Act; and Sections 85 and 86 of the National Bank Act.  *See id.*  Complete preemption is to be distinguished from ordinary preemption — also known as "defensive preemption" — which is far more common.  *Id.*  Ordinary preemption "comes in three familiar forms: express preemption, conflict preemption, and field preemption."  *Id.* at 273.

2.   Claims Against FedEx Ground

        Removal was proper here because the RDK Plaintiffs'
state-law claims against FedEx Ground are completely preempted
by the Carmack Amendment to the Interstate Commerce Act.  The
Carmack Amendment established a federal remedy for loss or
damage to goods provided to carriers for interstate shipment.
49 U.S.C. § 14706.  In enacting the Carmack Amendment, "Congress
stepped in to remedy the perceived problem of having many
states' disparate laws potentially apply to interstate
shipping."  *Lewis Brass & Copper Co. v. ABF Freight Sys., Inc.*,
No. 13-CV-3251, 2014 WL 991726, at *3 (E.D.N.Y. Mar. 13, 2014)
(citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-07
(1913)).  Thus, as the Supreme Court concluded in *Adams Express*:

    The congressional action has made an end to this
    diversity, for the national law is paramount and
    supersedes all state laws as to the rights and
    liabilities and exemptions created by such
    transactions.  This was doubtless the purpose of the
    law . . . . [The legislation] embraces the subject of
    the liability of the carrier under a bill of lading
    which he must issue, and limits his power to exempt
    himself by rule, regulation, or contract.  Almost
    every detail of the subject is covered so completely
    that there can be no rational doubt but that Congress
    intended to take possession of the subject, and
    supersede all state regulation with reference to it.

*Adams Express*, 226 U.S. at 505-06. The Carmack Amendment
therefore implicates "an area of interstate commerce law that
has been fully occupied by Congress' passage of a statute
delineating what remedies are available, leaving no room for

additional state or federal common law causes of action."
*Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 374 (2d Cir.
1994); *see also N. Am. Phillips Corp. v. Emery Air Freight
Corp.*, 579 F.2d 229, 234 (2d Cir. 1978) (concluding complaint
set forth a federal-law claim where plaintiff alleged a "loss of
goods during interstate transportation by [defendant] as a
common carrier for hire").

        Despite the sweeping statements above, district courts
have characterized the Second Circuit's view on Carmack
Amendment preemption differently.[4]  Nevertheless, these district
courts have held — typically in reliance on the Supreme Court's
decision in *Adams Express*, *supra* — that the Amendment does
completely preempt state-law claims for damages and losses to
property incurred in interstate shipping.  *See, e.g.*, *Shields v.
United Van Lines*, No. 21-CV-1287, 2021 WL 5832984, at *2-3 (D.
Conn. Dec. 9, 2021) (denying remand in light of complete
preemption); *Lewis Brass*, 2014 WL 991726, at *3; *Ash v. Artpack
Int'l, Inc.*, No. 96-CV-8440, 1998 WL 132932, at *4 (S.D.N.Y.
Mar. 23, 1998).  The Fifth and Ninth Circuits have reached the

---

        [4] *Compare Lewis Brass*, 2014 WL 991726, at *3 (noting that "[a]lthough
the Second Circuit has not expressly ruled on the matter, other federal
courts have relied on" *Adams Express* to find complete preemption), *with
Materazzi v. Atlas Van Lines, Inc.*, 180 F. Supp. 2d 408, 410 (E.D.N.Y. 2001)
("The Second Circuit has previously held that the Carmack Amendment fully
occupies its particular field and thus completely preempts state common
law."(citing *N. Am. Phillips*, 579 F.2d at 233-34)).

same conclusion.  *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

The Carmack Amendment's preemptive effect, moreover, covers a range of delivery issues, "embrac[ing] all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *New York, P. & N. R. Co. v. Peninsula Produce Exch. of Maryland*, 240 U.S. 34, 38 (1916); *see also Brody v. Liffey Van Lines, Inc.*, No. 13-CV-5719, 2014 WL 2450807, at *4 (S.D.N.Y. May 29, 2014) ("Carmack applies both to claims of damage or loss while goods are in interstate transit, but also to related services, including arranging for, receiving, delivering, storing, handling, packing and unpacking such goods."). This includes claims for damages resulting from "misdelivery," *see Ash*, 1998 WL 132932, at *1, *4 (goods not sent to intended destination), as well as a "refusal to deliver," *see Hall*, 476 F.3d at 688; *see also Shields*, 2021 WL 5832984, at *3 (rejecting argument that Carmack Amendment did not preempt claim that "the subject items were stolen"). Here, as in the cases cited above, the claims at issue are covered by the Carmack Amendment because they involve injury or loss to Plaintiffs' property resulting from FedEx Ground's failure to deliver the goods, shipped in interstate commerce, to their

intended recipient.

      The RDK Plaintiffs argue that the Carmack Amendment does not apply because "the FedEx entities did not lose or damage the plaintiff's hemp packages in the course of its delivery," but rather engaged in conduct — namely, "falsely reporting" to the NYPD that the packages were illegal — that is "separate and apart from their actual delivery."  Mem. of Law in Supp. of Pls.' Mot. to Remand ("RDK Pl. Mem.") 5, ECF No. 19-1.  Some courts have held that "claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption" under the Carmack Amendment.  *E.g.*, *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1249 (11th Cir. 2002) (collecting cases).  For example, the Carmack Amendment did not preempt negligence claims arising from an employee's death while unloading Christmas trees from a trailer.  *See Koch v. McConnell Transp. Ltd.*, No. 13-CV-3016, 2015 WL 3470182, at *6 (E.D.N.Y. May 29, 2015).  Even though one defendant characterized the snow-covered trees as "damaged goods," the gravamen of the claims was the defendants' negligence in packing and unloading the trees — not "that goods were damaged, or lost during transport" — such that the claims were sufficiently "separate and distinct" to escape preemption.  *Id.* at *6–7.

      That case law, however, is of little help here.  While the RDK Plaintiffs characterize FedEx Ground's conduct as

unrelated to delivery, *see* RDK Pl. Mem. 5, that characterization is belied by the allegations they make and the remedy they request: namely, damages for the loss of their hemp.  The operative complaint alleges, among other things, that FedEx Ground "committed the acts of trespass, conversion and tortious interference . . . by refusing to release the packages of the products purchased by the plaintiffs," Am. Compl. ¶ 54; that the negligence of all defendants resulted in the "loss and conversion of property, specifically hemp, in the amount of $100,000," *id.* ¶ 59; and that FedEx Ground's negligence in "surrendering the packages assumed of illegal products . . . caused [the RDK Plaintiffs] to be deprived of their business and livelihood," *id.* ¶¶ 113-14.  Because these claims arise from, and RDK Plaintiffs seek damages for, FedEx Ground's alleged non-delivery, the claims fall within the Carmack Amendment's preemptive reach.  *See, e.g.*, *Shields*, 2021 WL 5832984, at *3-4 (Carmack Amendment completely preempted state-law claims, including conversion, arising from the loss of jewelry during an interstate move); *Smith*, 296 F.3d at 1248-49 (Carmack Amendment preempted fraud, negligence, wantonness, and outrage claims arising from UPS's failure to deliver packages to the plaintiff's home).

        In sum, the RDK Plaintiffs' negligence and property tort claims against FedEx Ground seek a remedy for FedEx

Ground's failure to deliver their hemp to the intended recipient.  Accordingly, the RDK Plaintiffs' state-law claims are completely preempted by the Carmack Amendment, and this action was therefore properly removed under Section 1441(a) because it raises a federal question.

   3.   Claims Against Other Defendants

      The RDK Plaintiffs do not challenge this Court's jurisdiction over their state-law claims against defendants other than FedEx Ground.  Still, "federal courts are under an independent obligation to examine their own jurisdiction" before adjudicating a claim asserted under state law.  *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  Because supplemental jurisdiction is appropriate over RDK Plaintiffs' state-law claims against defendants FedEx, FedEx Ground driver John Doe, the City of New York, and its employee NYPD officers, I decline to remand these claims as well.

      District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "[T]he federal claim and state claim must stem from the same common nucleus of operative fact; in other words, they must be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding."  *Montefiore Med. Ctr. v. Teamsters*

*Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011).  "[A] sufficient relationship will be found if the facts pertinent to the federal and state claims substantially overlap or if presentation of the federal claim necessarily would bring the facts underlying the state claim before the court."  *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 10 (S.D.N.Y. 2012).  District courts should also "balance the values of judicial economy, convenience, fairness, and comity" in determining whether supplemental jurisdiction is appropriate.  *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).

Here, the RDK Plaintiffs' other claims — against FedEx, FedEx Ground driver John Doe, the City of New York, and its employees — arise from the common nucleus of facts as their claims against FedEx Ground.  FedEx Ground driver John Doe is the individual who actually brought the hemp to the NYPD, and the claims against the other defendants arise from their refusal to return the hemp to the RDK Plaintiffs after FedEx Ground's alleged misdelivery.  The values of judicial economy, convenience, fairness, and comity also weigh in favor of retaining jurisdiction, as the "evidence pertinent to the federal claim is likely to overlap substantially with the evidence relevant to the state-law claims, and hence the joint adjudication of these claims will promote judicial and cost efficiency."  *BLT Rest. Grp. LLC*, 855 F. Supp. 2d at 13.

For these reasons, jurisdiction over the RDK
Plaintiffs' correctly-removed claims against FedEx Ground and
their supplemental state-law claims is proper.

**B.   Ronen Levy's Motions to Remand and Sever Are Denied**

After bringing his claims together with the RDK
Plaintiffs in state court, Ronen now moves to sever and remand
his claims under both 28 U.S.C. § 1441(c) and Rule 21.  These
motions are denied.

1.   <u>Motions to Sever Legal Standard</u>

A party seeking to sever its claims from those of
other litigants in a removed action may pursue two paths.
First, 28 U.S.C § 1441(c) mandates that "[u]pon removal of an
action . . . the district court shall sever from the action all
claims" that are "not within the original or supplemental
jurisdiction of the district court."  Severance under Section
1441(c) is provided to covered parties as a matter of right.
But the scope of this provision is "limited to the subset of
removed cases involving both federal and state claims in which
the Court would not have supplemental jurisdiction over the
state claims."  *Gold Town Corp. v. United Parcel Serv., Inc.*,
519 F. Supp. 3d 169, 177 (S.D.N.Y. 2021).  Federal courts are
under no obligation to sever and remand a party's claims when
they possess original or supplemental jurisdiction over the
claims at issue.

Second, a party may move to sever its claims under
Rule 21.  *See* Fed. R. Civ. P. 21 ("On motion or on its own,
. . . the court may [] sever any claim against a party.").
Under this rule, "[t]he decision whether to grant a severance
motion is committed to the sound discretion of the trial court."
*New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d
Cir. 1988).  In determining whether to sever a set of claims,
courts consider the following factors: "(1) whether the claims
arise out of the same transaction or occurrence; (2) whether the
claims present some common questions of law or fact; (3) whether
settlement of the claims or judicial economy would be
facilitated; (4) whether prejudice would be avoided if severance
were granted; and (5) whether different witnesses and
documentary proof are required for the separate claims."  *Morris
v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y.
1999).

    2.  <u>Application</u>

Severance is not warranted under either Section
1441(c) or Rule 21.  First, Section 1441(c) — which governs
motions to remand for lack of subject matter jurisdiction — does
not apply to Ronen's claims because the court has supplemental
jurisdiction over them.  Section 1441(c) mandates severance of
claims that are "not within the original or supplemental
jurisdiction of the district court."  Here, however, the court

does have supplemental jurisdiction over Ronen's claims because
they arise from the same nucleus of facts as the claims over
which this Court has federal jurisdiction.  For example, Ronen's
claim for emotional distress against FedEx Ground arises from
the same delivery failure at the heart of the RDK Plaintiffs'
claims against FedEx Ground, *see* Am. Compl. ¶ 96, and his false
arrest, false imprisonment, and negligence claims against the
City and NYPD arise from the same hemp confiscation and
Plaintiffs' attempts to retrieve their hemp product, *see id.*
¶¶ 79-81, 92-93, 117.  For the same reasons as RDK Plaintiffs'
supplemental state-law claims, the factors of judicial economy,
convenience, fairness, and comity also favor hearing Ronen's
claims along with those of the RDK Plaintiffs.  *Klein & Co.
Futures*, 464 F.3d at 262.

        Second, and for similar reasons, I decline to sever
Ronen's claims under Rule 21.  Ronen's claims emerge out of the
same transaction or occurrence as the RDK Plaintiffs' claims,
and they present common questions of law and fact.  At the heart
of his claims, as with the RDK Plaintiffs' claims, are questions
concerning the actions of FedEx Ground and driver John Doe in
reporting the hemp as marijuana and delivering it over to the
NYPD, and the actions of the NYPD after the hemp reached its
precinct.  For example, in resolving both Ronen's and the RDK
Plaintiffs' claims, the court may be asked to determine

questions such as whether the NYPD reasonably believed the hemp to be marijuana, and whether the NYPD acted reasonably in refusing to release the hemp plants.  There is sufficient overlap in the records required to substantiate the respective plaintiff's allegations that "judicial economy would not be served by maintaining two separate actions, with separate motion practice and separate trials." *Navar v. Walsh Constr. Co. II, LLC*, No. 18-CV-10476, 2019 WL 7599890, at *2 (S.D.N.Y. Aug. 13, 2019).

The factors of convenience, fairness, comity, and judicial economy are particularly difficult for Ronen to meet given that he originally chose to join his claims with the RDK Plaintiffs' in the state-court action.  Moreover, severance of Ronen's claims risks the prospect of inconsistent verdicts concerning the actions of the NYPD.  This risk counts strongly against severance.  *See Lutz v. Buono*, No. 05-CV-4879, 2009 WL 3364032, at *1 (S.D.N.Y. Oct. 16, 2009) ("Given the specific factual issues in this case, a joint trial is prudent in order to avoid the potential problem of inconsistent verdicts.").  In sum, the severance under Rule 21 is not warranted here.

### III. Conclusion

For the reasons stated above, RDK NY and Oren Levy's motion to remand is DENIED.  Ronen Levy's motions to remand and sever are also DENIED.

SO ORDERED.


                              /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge


Dated:     January 20, 2023
           Brooklyn, New York