UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RDK NY INC. d/b/a GREEN ANGEL CBD,
OREN LEVY, and
RONEN LEVY;                                         Index No.: 21-cv-1529
        Plaintiffs,
   v.
THE CITY OF NEW YORK,                              THIRD AMENDED
P.O. RODNEY GREENIDGE,                             COMPLAINT
P.O. JOSHUA GANSHAW, and
FEDEX GROUND PACKAGE SYSTEM, INC.;
        Defendants.
----------------------------------------------------------------X

      Plaintiffs RDK NY INC d/b/a GREEN ANGEL CBD, OREN LEVY, (collectively "RDK Plaintiffs"), and RONEN LEVY (collectively with RDK Plaintiffs, "Plaintiffs"), hereby file this Third Amended Complaint against Defendants, THE CITY OF NEW YORK, (the "City") P.O. RODNEY GREENIDGE ("PO GREENIDGE"), P.O. JOSHUA GANSHAW ("PO GANSHAW"), (Defendants PO GREENIDGE and PO GANSHAW together, the "individual defendants", and together with the City, the "municipal Defendants"), and FEDERAL EXPRESS GROUND PACKAGE SYSTEM, INC., ("Fed Ex", together with the municipal Defendants, "Defendants") and states as follows:

## INTRODUCTION

      1.    The RDK Plaintiffs allege that they were deprived of their personal property, business, and livelihood due to the tortious interference, willful tortious conduct, negligence, and unlawful practices, in violation of both statutory and common law, and brings this action under 49 U.S.C. § 14706 and The Carmack Amendment as against the Federal Express Defendants, and brings this action for conversion, trespass, tortious interference with personal property, negligence, and negligent hiring and retention, against the municipal defendants, to recover (1)

economic damages, including prejudgment interest, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

2.      Plaintiff RONEN LEVY alleges that he was deprived of his fundamental liberty interests and his right not to be subject to false arrest and false imprisonment as a result of Defendants' unlawful practices, and brings this action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and violations of the New York State Constitution, Article I, §§ 6 and 12, to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## PARTIES

3.      At all times hereinafter mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was a lawful business in the State of New York.

4.      That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.      That on November 2, 2019, and at all times herein mentioned, plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

6.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, conducted business and maintained offices within the State of New York.

7.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, was and still is a domestic business corporation, duly authorized to do business in the State of New York.

8.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, maintained its principal place of business within the State of New York.

9.      That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, regularly does, or solicits, business in the State of New York.

10.     That on November 2, 2019, and at all times hereinafter mentioned, the plaintiff, RDK NY INC. d/b/a GREEN ANGEL CBD, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11.     Plaintiff RDK NY INC d/b/a GREEN ANGEL CBD is a corporation organized under the laws of the state of New York with a primary place of business at 1180 Ocean Parkway, 5e, Brooklyn, NY 11230.

12.     That at all times hereinafter mentioned, plaintiff, OREN LEVY, was and still is a resident of the County of Kings, City and State of New York.

13.     The plaintiff, OREN LEVY, was the owner of the company known as RDK NY INC d/b/a GREEN ANGEL CBD, located at 1180 Ocean Avenue, in the County of Kings, City and State of New York.

14.     The plaintiff OREN LEVY, was in the business of buying and selling hemp plants and products through his company, RDK NY INC d/b/a GREEN ANGEL CBD, located at 1180 Ocean Parkway, in the County of Kings, City and State of New York.

15.     Plaintiff RONEN LEVY is an individual who at all times relevant herein was a resident of the State of New York, Kings County.

16.     At all times relevant herein, THE CITY OF NEW YORK (the "City"), is and was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

17.     At all times relevant herein, PO GREENIDGE and PO GANSHAW were each a duly sworn police officer employed by the New York Police Department, an agency of the City of New York, and was acting in the course and scope of his employment, under color of law. The individual police officer defendants are sued in their individual and official capacities.

18.     At all times relevant herein, FEDEX GROUND PACKAGE SYSTEM, INC. is a corporation organized under the laws of the State of Delaware with a registered address of 1209 Orange Street, Wilmington, DE, 19801.

## JURISDICTION AND VENUE

19.     Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

20.     Venue is proper in this Court because the acts and/or omissions giving rise to the causes of action alleged herein occurred within this district.

## STATEMENT OF FACTS

21.     On November 2, 2019, and at all times relevant herein, Plaintiff OREN LEVY was in the business of buying and selling hemp plants and products through his company, Plaintiff RDK NY INC.

22.     Prior to November 2, 2019, Plaintiff OREN LEVY placed an order (the "shipment") with Fox Holler Farms in Vermont, for 106 pounds of hemp products consisting of nine (9) boxes with a total cost of $17,000, which Plaintiff OREN LEVY would profit in the amount of $60,000- $100,000.

23.     The Plaintiff, OREN LEVY, was initially scheduled to receive the shipment through defendant Fed Ex from Fox Holler Farm in Vermont. However, Plaintiff OREN LEVY was hospitalized during the time the shipment was scheduled to arrive, so he arranged for the shipment to be sent to the address of his brother, Plaintiff RONEN LEVY, at 2425 Kings Highway, Brooklyn, NY 11229, who would retrieve the product shipment on behalf of Plaintiff OREN LEVY. The bill of lading remained addressed to the RDK Plaintiffs.

24.     Prior to November 2, 2019, Fox Holler Farms in Vermont did present the shipment to defendant Fed Ex , who accepted the shipment for delivery as a legal shipment of hemp product, and defendant Fed Ex accepted the shipment in the ordinary course of doing business.

25.     After the shipment was sent out for delivery by defendant Fed Ex , Plaintiff OREN LEVY received notice that the shipment was seized in Vermont by the Vermont Police Department, because a delivery driver employed by defendant Fed Ex tasked with delivering the shipment for defendant Fed Ex ("Federal Express Driver") falsely reported the shipment to contain the controlled substance marijuana to the Vermont Police Department. The Federal Express Driver did this knowing that the shipment had already been cleared as a legal shipment of Hemp product.

26.     The Vermont Police Department, upon receiving the shipment, reviewed the documents provided by Fox Holler Farm contained in the shipment. The Vermont Police Department determined that the shipment contained only hemp products and no marijuana. Upon information and belief the Vermont Police Department also contacted Fox Holler Farms, who confirmed that the shipment originated from their farm and was accurately described in the bill of lading to only contain federally legal hemp product.

27.    The Vermont Police Department informed both the Federal Express Driver and Plaintiffs that the shipment contained only legal hemp product, and that the shipment could be legally driven in interstate commerce and delivered to its final destination in Brooklyn, New York.

28.    Thereafter, Plaintiff OREN LEVY received notice that the shipment was seized again, this time by the Municipal Defendants, and in particular NYPD police officer defendants P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW, acting as agents, servants and/or employees of the defendant, THE CITY OF NEW YORK.

29.    Instead of taking the shipment to its final destination at 2425 Kings Highway, Brooklyn, New York, the same Federal Express Driver, despite having received notice from Fox Holler Farms and the Vermont Police Department that the shipment was legal hemp product authorized to travel in interstate commerce for delivery across state lines in New York, instead took the shipment to the 75th Police Precinct in Brooklyn, New York to falsely report to the Municipal Defendants that the shipment contained marijuana.

30.    The Federal Express Driver presented the same Fox Holler Farm shipment documents to the Municipal Defendants that he presented to the Vermont Police Department. The Municipal Defendants P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW also observed that the documents clearly identified that the shipment only containing only legal hemp product.

31.    On or about November 2, 2019, Plaintiff RONEN LEVY was informed by the City that the shipment was located for pickup at the 75th Precinct at 1000 Sutter Avenue, Brooklyn, NY, 11208.

32.     Despite having confirmed that the shipment contained only legal hemp product, the Federal Express employee conspired with the Municipal Defendants by alleging falsely that the shipment contained illegal drugs.

33.     On November 2, 2019, Plaintiff RONEN LEVY voluntarily arrived at the 75th Precinct, where he was approached and falsely arrested by the Defendants PO RODNEY GREENIDGE and PO JOSHUA GANSHAW, as well as other, yet unidentified officers, all of whom were acting in the scope of their employment and under color of law, and who falsely arrested Plaintiff RONEN LEVY knowingly, intentionally, and willfully.

34.     Plaintiff RONEN LEVY was handcuffed and taken into police custody at the 75th Precinct through 2:30 a.m. the following day, November 3, 2019, at which time Plaintiff RONEN LEVY was transported to Kings County Central Booking, where he was held until his release at approximately 8:00 p.m. on November 3, 2019.

35.     Plaintiff RONENY LEVY was further charged by the Kings County District Attorneys Office with multiple felony charges including criminal possession of marihuana in the first degree, which is a C Felony.

36.     The false arrest, confinement, and malicious prosecution of Plaintiff RONEN LEVY was without probable cause and was not based on reasonable grounds or founded upon an arrest warrant.

37.     The Municipal Defendants acted in concert with defendant Fed Ex to illegally confiscate the shipment for purposes other than to perform their duties as law enforcement officers, though all Defendants knew or had reason to know that the shipment did not contain marijuana.

38.     On the day that Plaintiff RONEN LEVY was arrested, and the hemp shipment confiscated by the Municipal Defendants, Defendants PO RODNEY GREENIDGE, PO JOSHUA GANSHAW, and other municipal employees took to Facebook and other online social media applications to post photos presenting the contents as if they had confiscated marijuana. Content reflected below:

| **SCREEN CAPTURE** |
|---|
|  |

39.     The false arrest, confinement, and malicious prosecution of Plaintiff RONEN LEVY by the Defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff RONEN LEVY of his rights, and to advance their own publicity and promotion.

40.     As a result of Plaintiff RONEN LEVY's false arrest, confinement, and malicious prosecution, he sustained injuries, including pain, suffering, disability, and emotional shock.

41.     Within ninety days after the occurrences complained of herein, Plaintiffs OREN LEVY and RONEN LEVY served verified notices of claim upon the city, based on the facts contained herein; more than 30 days have elapsed since the service of such notices and the City Defendants have failed, neglected and refused to make adjustment or payment thereof. Pursuant to the General Municipal Law, the City conducted statutory 50-H hearings of OREN LEVY and RONEN LEVY on February 13, 2020.

## STATEMENT OF CLAIM

## COUNT I VIOLATION OF 49 U.S.C. § 14706

**On Behalf of Plaintiffs RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY against Defendants FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC.**

42.     Plaintiffs repeat and reallege all the foregoing paragraphs as if they were fully set forth herein.

43.     Prior to November 2, 2019, a call was made by the plaintiff, OREN LEVY, to Fox Holler Farms in Vermont, placing an order of 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000.

44.     Prior to November 2, 2019, Fox Holler Farms in Vermont did present to defendant Fed Ex 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000, in sufficient quality to be sold to the general public, in good condition, without defect, damage, or deficiencies of any kind. These were voluntarily accepted by defendant Fed Ex for delivery prior to November 2, 2019, for the purposes of delivery in the

ordinary course of business as an interstate shipper of goods, and accepted legal responsibility for the safekeeping of same.

45.     With respect to the interstate road carriage of the package from the State of Vermont to the State of New York, defendant Fed Ex were at all material times engaged in the business of a motor carrier and was receiving, delivering and/or other actions of a carrier within the meaning of the Carmack Amendment.

46.     As a motor carrier engaged in the business of receiving, delivering and/or other carriage within the meaning of the Carmack Amendment, defendant Fed Ex  was legally and contractually responsible for the care, safekeeping, and competent delivery of the aforementioned 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000, accepted prior to November 2, 2019.

47.     The aforementioned package of 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000, accepted by defendant Fed Ex prior to November 2, 2019, failed to reach their intended destination.

48.     defendant Fed Ex  negligently, recklessly, and with wanton disregard for their duties as a motor carrier engaged in the business of receiving, delivering and/or other carriage within the meaning of the Carmack Amendment, confiscated and surrendered the aforementioned package to defendant THE CITY OF NEW YORK and The New York City Police Department, despite the Vermont Police Department already clearing the package, and informing defendant Fed Ex that the aforementioned package was lawful and proper.

49.     defendant Fed Ex failed in their responsibility for the care, safekeeping, and competent delivery of the aforementioned 106 pounds of hemp products that consisted of nine (9) boxes totaling the amount of $17,000, of which the plaintiff would be profiting from said order in the amount of $60,000-$100,000, under the meaning and definitions of the Carmack Amendment.

50.     The damage sustained to the aforementioned package, and the failure of the aforementioned package to reach its intended destination, was proximately caused by events during interstate road carriage while the shipment was in the actual, constructive, or contractual custody of defendant Fed Ex .

51.     The damage sustained to the aforementioned package, and the failure of the aforementioned package to reach its intended destination, was proximately caused by the act(s) or omission(s) of defendant Fed Ex during interstate road carriage while the shipment was in the actual, constructive, or contractual custody of defendant Fed Ex .

52.     By reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained economic damages of $100,000, together with the amount of prejudgment interest at the lawful rate, plaintiff's costs of this lawsuit, and request compensatory damages, punitive damages, and for such other and further relief as this Court deems just and proper.

**COUNT II CONVERSION, TRESPASS, and TORTIOUS INTERFERENCE WITH PERSONAL PROPERTY**

**On Behalf of Plaintiffs RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY against Defendants THE CITY OF NEW YORK, P.O. RODNEY GREENIDGE, AND P.O. JOSHUA GANSHAW**

53.     Plaintiffs repeat and reallege all the foregoing paragraphs as if they were fully set forth herein.

54.     That on November 2, 2019, and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, was an owner of a company known as RDK NY INC. d/b/a GREEN ANGEL CBD, which is based in Brooklyn, New York, doing business of buying and selling of hemp products.

55.     Prior to November 2, 2019 and at all times hereinafter mentioned and upon information and belief, the plaintiff, OREN LEVY, placed an order to Fox Holler Farms, located in Vermont. The order consists of 106 pounds of hemp, which equals to nine (9) boxes in the amount of costs for $17,000. From the order the plaintiff would make a profit in the amount between $60,000 to $100,000.

56.     The plaintiff, OREN LEVY, was supposed to receive a shipment at this place of business, but due to being indisposed due to being hospitalized for two (2) days, he decided to have the products to be delivered at his brother's residence, the plaintiff, RONEN LEVY at 242 Kings Highway, in the County of New York, City and State of New York.

57.     As a result of the delivery by Fox Holler Farms, the products were confiscated by the Vermont Police Department after being reported of illegal packages assumed to be marijuana from an agent from the Fedex Ground Package System, Inc. The plaintiff contacted the Vermont Police Department where the order of the products was cleared and documentation for the same were in good standing and released to be delivered at the designated destination.

58.     The plaintiff, OREN LEVY, tracked his delivery to learn that defendant Fed Ex reported illegal packages that consist of hemp products were once again confiscated this time by the defendants, P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW, acting as agents,

servants and/or employees of the defendant, THE CITY OF NEW YORK, after it was reported once again by an agent of defendant Fed Ex  by bringing said products which was assumed to be marijuana to the precinct. The Municipal Defendants refused to release the packages to the plaintiffs.

59.     Stemming from the aforementioned, the defendants, P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW, trespassed, had actual knowledge with intent to withhold and/or deprive plaintiff OREN LEVY's property when they refused to return the same, even after learning that the packages were of hemp products which was legal to sell, and not marijuana.

60.     As a result, the RDK plaintiffs were deprived in retrieving their packages that consist of hemp products which was ordered for the purpose of their business. Knowing that the products was not marijuana as assumed, the Municipal Defendants coerced plaintiffs and told that their paperwork was sufficient in an attempt to arrest the plaintiff, OREN LEVY.

61.     The defendant, THE CITY OF NEW YORK, at all relevant times, was aware that these individual defendants, including but not limited to P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW, have committed the acts of trespass, conversion and tortious interference with personal property alleged herein by refusing to release the packages of the products purchased by the plaintiffs for business purposes which was assumed was an illegal substance such as marijuana, but were actually hemp products.

62.     That as a result of the aforementioned acts of trespass, conversion, and tortious interference of personal property, plaintiffs were unjustly denied the use of, and the economic value of, the aforementioned legal hemp product, which was caused by defendants to be in a state unfit for sale to the general public.

63.    By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount to be determined by the trier of fact.

## COUNT III GENERAL NEGLIGENCE

**On Behalf of Plaintiffs RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY against Defendants THE CITY OF NEW YORK, P.O. RODNEY GREENIDGE, AND P.O. JOSHUA GANSHAW**

64.    Plaintiffs repeat and reallege all the foregoing paragraphs as if they were fully set forth herein.

65.    The defendants were negligent, reckless and careless in making false claims and/or a statement and surrendering the packages assumed of illegal products, such as marijuana this time to the defendants; in confiscating the packages refusing to return to the plaintiffs, after learning that the packages contained of hemp products which the plaintiff was in the business of selling and buying the same; in depriving the plaintiffs of their livelihood; in withholding plaintiffs' goods; in creating a media spectacle of the confiscation of the plaintiffs' goods which defendants' knew or should have known were legal hemp products; in knowingly being aware that plaintiff's property was legal, but refused to return plaintiffs' property; in depriving plaintiffs' property; in carelessly publishing and publicizing the incident on a variety of public platforms including but not limited to Facebook, Twitter and Instagram; and were otherwise negligent.

66.    At all times herein mentioned, P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW were acting within their scope of employment for the City of New York, and the

New York City Police Department and as such The City of New York is responsible for their conduct under respondeat superior.

67.     As a result, the RDK plaintiffs were caused to be deprived of their business and livelihood, sustained serious injuries, the full extent of which are currently unknown, including, but not limited to, loss and conversion of property, specifically hemp, in the amount of $100,000; property damage, damage to reputation and credit, loss of earnings; damage to his businesses; attorney's fees for the baseless criminal proceedings; loss of earnings capacity and capability; mental anguish and other psychological injuries; required and requires medical treatment; fear, anxiety, shame, humiliation, indignity; property damage, damage to reputation and credit, loss of earnings; difficulty sleeping; and all damages sustained as a result of the defendants conduct.

68.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount to be determined by the trier of fact.

**COUNT IV NEGLIGENT HIRING AND RETENTION On Behalf of Plaintiffs RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY against Defendants THE CITY OF NEW YORK, P.O. RODNEY GREENIDGE, AND P.O. JOSHUA GANSHAW**

69.     Plaintiffs repeat and reallege all the foregoing paragraphs as if they were fully set forth herein.

70.     The defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their police officers, agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, P.O. and P.O. JOSHUA GANSHAW, who confiscated the packages of hemp products which was ordered from Fox Holler Farms in Vermont, for business purposes belonging

to the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, and refused to return the same which deprived the plaintiffs of their business and livelihood.

71.     The defendant, THE CITY OF NEW YORK, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants P.O. RODNEY GREENIDGE and P.O. JOSHUA GANSHAW, and continued to employ them and allowed them to be in contact with the public at large.

72.     By the reason of the foregoing, the plaintiffs, RDK NY INC. d/b/a GREEN ANGEL CBD and OREN LEVY, sustained damages in an amount to be determined by the trier of fact

## COUNT V

## 42 U.S.C. § 1983 – FALSE ARREST

### By Plaintiff RONEN LEVY Against All Defendants

73.     Plaintiff RONEN LEVY repeats and realleges all the foregoing paragraphs as if they were fully set forth herein.

74.     The Federal Express Driver as an employee and agent of the Federal Express Defendants, along with the individual defendant police officers, acting under the color of law, conspired together to fabricate evidence against Plaintiff RONEN LEVY causing Plaintiff RONEN LEVY to be charged by Defendants for crimes Plaintiff RONEN LEVY did not commit.

75.     By their actions, conduct and/or omissions, and in a conspiracy with the Federal Express Driver as an employee and agent of the Federal Express Defendants, the individual police officers, acting under color of law, deprived Plaintiff RONEN LEVY of his constitutional rights causing Plaintiff RONEN LEVY to be falsely arrested without consent, an arrest warrant,

a lawful search warrant, probable cause, or reasonable suspicion that Plaintiff RONEN LEVY had committed a crime.

76.     Accordingly, Defendants are liable to Plaintiff RONEN LEVY for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## COUNT VI

## FALSE ARREST UNDER STATE LAW

### By Plaintiff RONEN LEVY Against All Defendants

77.     Plaintiff RONEN LEVY repeats and realleges all the foregoing paragraphs as if they were fully set forth herein.

78.     Defendants are liable to Plaintiff RONEN LEVY for false arrest under New York State law.

## COUNT VII

## 42 U.S.C. § 1983 – UNLAWFUL SEARCH AND SEIZURE

### By Plaintiff RONEN LEVY Against All Defendants

79.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80.     Defendants Federal Express Driver as an employee and agent of the Federal Express Defendants along with the individual defendant police officers, acting under the color of law, conspired together and unlawfully stopped and searched Plaintiff without cause, a warrant, or consent.

81.     Accordingly, defendants are liable to Plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## COUNT VIII

**UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW**

**By Plaintiff RONEN LEVY Against All Defendants**

82.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

83.     Defendants are liable to Plaintiff for unlawful search and seizure under New York State law.

**COUNT IX**

**42 U.S.C. § 1983 – FALSE IMPRISONMENT**

**By Plaintiff RONEN LEVY Against All Defendants**

84.     Plaintiff RONEN LEVY repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

85.     The accusations and charges made against Plaintiff RONEN LEVY by Defendants were false.

86.     The false arrest of Plaintiff RONEN LEVY resulted in false imprisonment, as Plaintiff RONEN LEVY was detained, in custody, and incarcerated for a considerable period of time by Defendants.

87.     Such false imprisonment was illegal and in violation of Plaintiff RONEN LEVY's rights as secured under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983. Such actions were negligent, reckless, unreasonable, and unauthorized, as Defendants had a duty to not falsely imprison Plaintiff RONEN LEVY.

**COUNT X**

**FALSE IMPRISONMENT UNDER STATE LAW**

**By Plaintiff RONEN LEVY Against All Defendants**

88.     Plaintiff RONEN LEVY repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

89.     Plaintiff RONEN LEVY's false imprisonment was illegal and in violation of Plaintiff RONEN LEVY's rights as secured under New York State law.

## COUNT XI

### 42 U.S.C. § 1983 - FAILURE TO INTERVENE

### By Plaintiff RONEN LEVY Against All Individual Municipal Defendants

90.     Plaintiffs repeats and realleges all the foregoing paragraphs as if they were fully set forth herein.

91.     Plaintiff RONEN LEVY was falsely arrested and falsely imprisoned.

92.     The relevant individual Defendants had every opportunity to intervene to prevent these wrongful acts against Plaintiff RONEN LEVY, yet each of them failed to intervene to prevent said wrongful acts. Each of the Defendants knew or had reason to know that said acts were wrongful and illegal, and yet each of said Defendants failed to intervene.

93.     Each of the relevant defendants had a duty to intervene to prevent said wrongful acts and were in a position with opportunity to have intervened yet failed to do so.

94.     As a consequence of the Defendants' failures to intervene, in violation of Plaintiff's rights pursuant to 42 U.S.C. § 1983, Plaintiff suffered mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, psychological injuries, psychological distress, and emotional distress (both intentional and negligent).

## COUNT XII

### 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

### By Plaintiff RONEN LEVY Against All Defendants

95.   Plaintiff RONAN LEVY repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

96.   Defendants were at all times acting under color of state law and/or in the scope of their employment.

97.   The Federal Express Driver as an employee and agent of the Federal Express Defendants conspired with the Municipal Defendants to fabricate evidence against Plaintiff RONEN LEVY.

98.   In furtherance of this conspiracy, Defendants initiated criminal proceedings against Plaintiff in Kings County, where he was charged with various charges including felony criminal possession of marihuana in the first degree.

99.   The criminal charges against Plaintiff RONEN LEVY were terminated in his favor as all charges were dismissed.

100.   Plaintiff RONEN LEVY's liberty was restrained post-arraignment, due to exorbitant bail being set against him and his remaining imprisoned.

101.   The prosecution was not supported by probable cause that Plaintiff RONEN LEVY had committed any of the charged crimes.

102.   Plaintiff RONEN LEVY suffered substantial damage from the malicious prosecution as set forth herein.

103.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

104.   The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

105.    The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on Plaintiff.

106.    By drafting and signing sworn documents and police reports, fabricating testimony and evidence, suppressing and concealing exculpatory evidence, and forwarding and presenting false information to a court thereby violating Plaintiff's constitutional rights, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### COUNT XIII

### MALICIOUS PROSECUTION UNDER STATE LAW

#### By Plaintiff RONEN LEVY Against All Defendants

107.    Plaintiff RONAN LEVY repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

108.    As set forth above, Defendants violated Plaintiff's constitutional rights, and the harm occasioned by such an unconscionable action is redressable in an action for damages under New York State law.

### COUNT XIV

### CUSTOM, POLICY, AND MONELL LIABILITY

#### By Plaintiff RONEN LEVY Against Defendant CITY OF NEW YORK

109.    Plaintiff RONAN LEVY repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

110.    Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

111.     Prior to November 2, 2019, and since, Defendant City has permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal false arrests, false imprisonments, excessive uses of force, malicious prosecutions, abuses of process, and procedural and substantive due process violations by and through police officers of Defendant City.

112.     Although such actions were improper and illegal, the employees involved were not seriously prosecuted, disciplined, or subjected to restraint and such incidents were in fact covered up with official claims that these actions were justified and proper. As a result, Defendant City employees were caused and encouraged to believe that individuals' rights could be violated, and that such violations would in fact be permitted by Defendant City.

113.     Specifically, Defendant City has allowed and tolerated situations where City employees and officers have deliberately caused the arrest, charge, and malicious prosecution of individuals without probable cause, and that the charges and malicious prosecution of the individuals were predicated only on the City employees' power and authority as a government official/officer, and that this power has been used to retaliate, intimidate, and to oppress individuals like Plaintiff RONEN LEVY.

114.     Upon information and belief, Defendant City, at all relevant times, was aware that the Defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

115.     Nevertheless, Defendant City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual Defendants and improperly retained and utilized them. Moreover, upon information and belief, Defendant City of New York failed to adequately investigate prior complaints filed against the individual Defendants.

116.     Further, Defendant City was aware prior to the incident that the individual Defendants (in continuation of its illegal custom, practice and/or policy) would arrest and prosecute innocent individuals, based on pretexts and false evidence.

117.     In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison. In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

118.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff RONEN LEVY as alleged herein.

119.     Defendant City's failure to act resulted in the violation of Plaintiff RONEN LEVY's constitutional rights as described herein.

## COUNT XV

## NEGLIGENCE UNDER STATE LAW

### By Plaintiff RONEN LEVY Against All Defendants

120.    Plaintiff RONEN LEVY repeats and realleges each and every allegation contained in the previous paragraphs as if set forth herein.

121.    Defendants were reckless, careless and negligent in conspiring to falsely report and arrest Plaintiff RONEN LEVY for violations that all Defendants knew that Plaintiff RONEN LEVY did not commit.

122.    The Federal Express Defendants were reckless, careless, and negligent in reporting the shipment to the City as containing marijuana, when they knew that the shipment did not contain marijuana.

123.    Defendant City was reckless, careless and negligent in, inter alia, failing to properly train and supervise its employees including the individual defendants.

124.    The individual Defendants were reckless, careless, and negligent in, inter alia, falsely arresting Plaintiff RONEN LEVY for a violation that they knew he was not guilty of.

125.    Solely by reason of the negligence of the Defendants and the breach of the Defendants' non-delegable duties to Plaintiff, Plaintiff RONEN LEVY was caused to sustain the aforesaid damages complained of herein.

126.    Defendants are jointly and severally liable for the damages caused to Plaintiff.

127.    Plaintiff is entitled to a judgment against Defendants in an amount to be determined by the jury.

## COUNT XVI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW

**By Plaintiff RONEN LEVY Against All Defendants**

128.    Plaintiff RONEN LEVY repeats and realleges each and every allegation contained in the previous paragraphs as if set forth herein.

129.    By virtue of the actions set out above by Defendants, the Defendants negligently and/or intentionally inflicted emotional harm upon Plaintiff RONEN LEVY.

130.    The Federal Express Defendants actions in reporting the shipment to the City as containing marijuana, when they knew that the shipment did not contain marijuana, were extreme and outrageous and caused Plaintiff severe emotional distress.

131.    Defendant City's actions in, inter alia, failing to properly train and supervise its employees including the individual defendants, were extreme and outrageous and caused Plaintiff severe emotional distress.

132.    The individual Defendants actions in, inter alia, falsely arresting Plaintiff RONEN LEVY for a violation that they knew or should have known he was not guilty of, were extreme and outrageous and caused Plaintiff severe emotional distress.

133.    Each Defendant breached a duty owed to Plaintiff RONEN LEVY that either unreasonably endangered his physical safety, or caused him to fear for his own safety.

134.    Plaintiff is entitled to a judgment against Defendants in an amount to be determined by the jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a)   A declaratory judgment that the practices herein are unlawful under 42 U.S.C. 1983, and the New York State Constitution, Article I §§ 6 and 12;

b) An injunction against Defendants for engaging in each of the unlawful practices and policies set forth herein;

c) Judgment both compensatory and exemplary in an amount in an amount to be determined by the trier of fact on All Causes of Action;

d) An award of compensatory damages for all Plaintiff's physical and emotional suffering as a result of Defendants' unlawful practices;

e) An award of punitive damages to all Plaintiffs for Defendants' unlawful practices;

f) An award of prejudgment and post-judgment interest, costs, and expenses of this action together with reasonable attorneys' and expert fees; and

g) Such other and further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 22, 2023                          Respectfully submitted by,
New York, NY

    /s/ William Igbokwe_____
William Igbokwe, Esq. (5170683)
Igbokwe, PLLC d/b/a Law Office of
William Igbokwe
Attorneys for Plaintiff Ronen Levy
28 Liberty Street, 6th Floor
New York, New York 10005
Telephone: (347) 467-4674
Fax: (347) 467-6367
will@iwlaws.com

    /s/ Michael Kesselman_____
Michael Kesselman, Esq. (5133327)
Rubenstein & Rynecki, Esqs.

Attorneys for Plaintiffs RDK NY INC. d/b/a
GREEN ANGEL CBD and OREN LEVY
26 Court Street, Suite 1200
Brooklyn, New York 11242
Telephone: (718) 522-1020
Fax: (718) 522-3804