UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

RDK NY INC. d/b/a GREEN ANGEL CBD, OREN LEVY and RONEN LEVY,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER RODNEY GREENIDGE, and POLICE OFFICER JOSHUA GANSHAW,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
21-CV-01529(EK)(JAM)

ERIC KOMITEE, United States District Judge:

This case arises out of the seizure of a substantial volume of hemp products. Plaintiff Oren Levy owns and operates RDK NY, Inc., a hemp company. He ordered a shipment to be delivered to his brother Ronen in Brooklyn. Along the way, however, FedEx and certain police officers came to believe that the shipment contained marijuana and seized it. When Oren's brother — plaintiff Ronen Levy — arrived at a New York City police precinct to retrieve the shipment, he was arrested, held overnight, and charged with multiple felonies. The criminal charges against him were later dismissed. While the hemp was in police custody, it spoiled and was rendered unsaleable.

Oren Levy, RDK, and Ronen Levy then sued. Now — several amended complaints, a motion to dismiss, and a settlement later — the only remaining basis for original federal

jurisdiction is the one remaining federal claim: Ronen Levy's false arrest claim under 42 U.S.C. § 1983. Ronen has moved to dismiss that claim under Federal Rule of Civil Procedure 41(a). The plaintiffs also jointly request that if the federal claim is dismissed, the Court remand the remaining state law claims — for state law false arrest, conversion, and trespass to property — to state court.

For the reasons set forth below, the Rule 41(a)(2) motion to dismiss the sole remaining federal claim and the motion to remand the remaining state law claims are both granted.

## I. Background

The plaintiffs initially filed this case in state court, asserting only state law claims. FedEx removed here. It argued that federal jurisdiction existed because the state claims were completely preempted by federal law. *E.g.*, *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). This Court agreed and denied plaintiffs' initial motion to remand. Remand Memorandum & Order, ECF No. 41.

The plaintiffs then amended their complaint to include several new federal law claims (thus also creating a second ground for federal jurisdiction).[1] *See* Mot. to Dismiss Mem. &

[1] The operative complaint contained sixteen claims, seven of which were federal claims. ECF No. 66; ECF No. 73-1.

Order, ECF No. 73. The defendants moved to dismiss, and the Court granted that motion in part in September 2024. *Id.* A number of federal claims survived; all but one of them were claims against FedEx. Shortly thereafter, the plaintiffs and FedEx settled and jointly stipulated to dismiss all claims against FedEx with prejudice. *See* Docket Order dated Dec. 16, 2024; ECF No. 78; Docket Order dated Jan. 28, 2025.

Accordingly, only one federal claim remains: Ronen's claim for false arrest under Section 1983, which he asserts against the City and Officers Greenidge and Ganshaw.

## II. Discussion

### A. Dismissal of Ronen's Federal Claim

#### 1. Rule 41(a): Claims or Actions?

It is unclear, at the outset, whether Rule 41 authorizes the relief Ronen seeks (namely, voluntary dismissal of his Section 1983 *claim*, rather than dismissal of his *case*). Rule 41 is titled "Dismissal of Actions," and Section (a)(2) of that Rule — the section implicated here — speaks to the circumstances under which "an *action* may be dismissed at the plaintiff's request." Fed. R. Civ. P. 41 (emphasis added).

Some ancient precedent suggests that Ronen may not proceed this way. More than seventy years ago, the Second Circuit observed that Rule 41(a) "provides for the voluntary dismissal of an 'action' not a 'claim.'" *Harvey Aluminum, Inc.*

*v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). The Second Circuit has not explicitly overruled *Harvey Aluminum*, but it has acknowledged that the holding "has been criticized and is now against the weight of authority." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985); *see also* Wright & Miller's Federal Practice and Procedure § 2362 Voluntary Dismissal—In General (4th ed. 2025) (explaining that the "sounder view and weight of judicial authority" allow dismissal of individual claims under Rule 41(a)). Relying on the Second Circuit's later criticism of *Harvey Aluminum*, district courts in this circuit regularly allow parties to dismiss claims — not just actions — under Rule 41(a). *See, e.g.*, *HTI Fin. Sols. Ltd. v. Manhattan SMI KG Props. Fin. Ltd.*, No. 24-CV-237, 2024 WL 4452295, at *4 (S.D.N.Y. Oct. 9, 2024); *ICICI Bank Ltd. v. Doshi*, No. 19-CV-11788, 2021 WL 6052117, at *1 (S.D.N.Y. Dec. 21, 2021) (collecting cases).

In the end, this question is academic. Both parties assume the Court has this authority under Rule 41. And more importantly, the Second Circuit has explained that "a party may voluntarily dismiss" less than the entire action "by amending its pleading under Federal Rule of Civil Procedure 15, *subject to the same standard of review as a withdrawal under Rule 41(a)*." *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 377 n.7 (2d Cir. 2023) (emphasis added); *see also Nix v. Off. of Comm'r*

*of Baseball*, No. 17-CV-1241, 2017 WL 2889503, at *3 n.2 (S.D.N.Y. July 6, 2017) (observing that "the operative consideration under both [Rules 15 and 41(a)] . . . is whether defendant will be prejudiced"). Thus, whether the Court's power to dismiss Ronen's federal claim is grounded in Rule 41 or Rule 15, the same standard applies. The Court will proceed to assess the motion under that standard.

2. Dismissal of Ronen's Federal Claim

Ronen seeks dismissal of his federal claim with prejudice. *See* Pls.' Mem. in Supp. of Mot. to Dismiss and Remand ("Pls.' Mem.") 5, ECF No. 113. The defendants "do not oppose" this, as long as the dismissal is conditioned on: "(1) a corresponding dismissal of Ronen's state law false arrest claim with prejudice, (2) entering judgment in defendants' favor as to Ronen's false arrest claims, and (3) retaining supplemental jurisdiction over the remaining claims in this action." Defs.' Mem. in Opp. to Mot. to Dismiss and Remand ("Defs.' Mem.") 6, ECF No. 114. For the reasons set forth below, the Court will dismiss Ronen's federal claim while imposing only one condition: that the dismissal will be with prejudice.

Rule 41(a)(2) allows a plaintiff to dismiss her claim "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action

pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003). Where the dismissal will be with prejudice — as here — the Court considers only whether the defendant will "suffer plain legal prejudice." *New York v. de Blasio*, No. 24-CV-1434, 2025 WL 857338, at *1 & n.1 (2d Cir. Mar. 19, 2025) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).

"[L]egal prejudice in the context of a Rule 41 motion is defined as the impairment of some legal interest, some legal claim, or some legal argument." *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128, 131 (E.D.N.Y. 2013); *see de Blasio*, 2025 WL 857338, at *2-3. "[T]he mere prospect of a second litigation upon the subject matter is by itself insufficient." *De Blasio*, 2025 WL 857338, at *1.

The defendants identify no legal prejudice from the dismissal. All parties acknowledge that if the Court dismisses Ronen's claim, that will constitute "a complete adjudication on the merits of that claim in favor of the defendant - essentially the equivalent of a judgment winning the case on that claim." Pls.' Mem. 5; Defs.' Mem. 6-7; *see Fortis Bank S.A,/N.V. (Cayman Islands Branch) v. Brookline Fin. LLC*, No. 10-CV-894, 2012 WL 86448, at *2 (S.D.N.Y. Jan. 11, 2012) ("[A]ny risk of prejudice to the . . . defendants is inherently lessened by the fact that

the claims against them are to be dismissed *with* prejudice." (emphasis in original)).[2] And the defendants fail to articulate how not having to defend against the federal false arrest claim might somehow prejudice them on the other claims. Without describing the prejudice, they argue that the only way to "eliminate" it is to also dismiss the "state law false arrest claim" because they will otherwise be forced to litigate "the same issue (probable cause) in state court" that is being resolved by the Rule 41(a) dismissal. Defs.' Mem. 7. But (again) "the mere prospect of a second litigation upon the subject matter is by itself insufficient" to demonstrate legal prejudice. *De Blasio*, at *1.[3] Further, it is difficult to imagine how dismissing the federal claim puts defendants in a worse position to defend the state claim than had the federal claim also gone forward.

Finally, the conditions the defendants seek are also inappropriate. To impose a condition on dismissal, the Court must conclude that dismissal without the condition would unduly

[2] The Second Circuit has explained that different standards apply to Rule 41(a)(2) motions, depending on whether the claim will be dismissed with or without prejudice. *Camilli*, 436 F.3d at 123; *De Blasio*, 2025 WL 857338, at *2-3. Thus the so-called "*Zagano* factors" are "inapposite" here. *De Blasio*, 2025 WL 857388 at *1 n.2; *Camilli*, 436 F.3d at 124.

[3] Elsewhere in their opposition papers — arguing against remand — the defendants argue that they will lose the benefit of several federal rules if they must proceed in state court. Defs.' Mem. 10-11. The defendants frame this argument as about "the federal courts' interest" enforcing federal rules. This argument is unavailing on its own terms.

prejudice the defendant. *See, e.g.*, *Farmer v. Indyke*, No. 19-CV-10475, 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021) ("To avoid undue prejudice, courts have the authority to impose conditions of dismissal."); *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Pracs. Litig.*, No. 13-CV-150, 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014) ("The purpose of imposing terms of voluntary dismissal is to cure unfair effects that may result from granting the motion."); *Gref v. Am. Int'l Indus.*, No. 20-CV-5589, 2025 WL 712812, at *3 (S.D.N.Y. Mar. 5, 2025) ("[C]onditional dismissals are only proper when the condition is required to avoid undue prejudice to the defendant."). Since there is no legal prejudice to start with, none of the conditions that the City seeks are appropriate.

Next, the defendants argue that any dismissal of the federal claim should be conditioned on the Court retaining supplemental jurisdiction over the state law claims. Defs.' Mem. 13. This condition is not warranted: "nearly all courts grant dismissal under Rule 41(a)(2)" and allow remand to state court "when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction." *Nix*, 2017 WL 2889503, at *3; *see also* 9 Wright & Miller's Federal Practice and Procedure § 2364 Voluntary Dismissal—Discretion of the Court (4th ed. 2025) (explaining that courts allow dismissal without prejudice under Rule 41(a)(2) in

"removed action[s] so that the plaintiff might start anew in a state court"). Further, the prejudice that the defendants claim is not from dismissal of the federal claim, but rather from the contingent potential for plaintiffs to succeed on their remand motion. *E.g.*, *Gref*, 2025 WL 712812, at *3 (declining to impose a condition that sought protection against a different motion whose outcome was "far from certain"). Whether remand is appropriate is a separate inquiry taken up in the next section.

**B. Remand**

Given the decision to dismiss the federal claim, the plaintiffs jointly move to remand to state court. Pls.' Mem. 9. The defendants ask the Court to continue to exercise supplemental jurisdiction. Defs.' Mem. 7. The Court will not exercise supplemental jurisdiction over the remaining state law claims.

Both parties recognize that dismissing Ronen's federal claim means that the Court no longer has original jurisdiction over any claim. *Id.*; Pls.' Mem. 11. When "the district court has dismissed all claims over which it has original jurisdiction . . . the district court need not exercise" supplemental jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025). "Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id.* at 32; *see* 28 U.S.C. § 1367(c)(3); *see also Wilson v. Dantas*, No. 12-

CV-3238, 2013 WL 92999, at *9 n.13 (S.D.N.Y. Jan. 7, 2013) (holding that remand is proper when court declines supplemental jurisdiction over claims in a case plaintiff initially filed in state court), *aff'd*, 746 F.3d 530 (2d Cir. 2014).

Defendants argue that this case has proceeded too far to be remanded now. *See generally* Defs.' Mem. 7-13. But as the Second Circuit has explained, "[i]t is undisputed that, as a general matter," district courts have "discretion not to exercise supplemental jurisdiction over any remaining state law claims," even after discovery has largely concluded or the court has decided a summary judgment motion. *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 123 (2d Cir. 2023); *see Martin v. Sprint United Mgmt. Co.*, No. 15-CV-5237, 2017 WL 5028621, at *2 (S.D.N.Y. Oct. 31, 2017) (collecting cases). Notably, the parties have not yet filed for summary judgment and the Court has not deeply engaged with the factual record. Here, as in the "usual case in which all federal-law claims are eliminated before trial," the relevant factors — "judicial economy, convenience, fairness, and comity" — "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *Royal Canin*, 604 U.S. at 32. The Court will not exercise supplemental jurisdiction.

## III. Conclusion

Ronen Levy's false arrest claim is dismissed. The Court declines to exercise supplemental jurisdiction. This action is remanded to New York State Supreme Court, Kings County, under Index No. 518387/2020. The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the New York State Supreme Court in Kings County, and to close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 20, 2026
Brooklyn, New York